**Breen v. Locust Lake Property Owners Association**

C.P. of Monroe County, No. 2953 CIVIL 2011.

*Lawrence A. J. Spegar*, for plaintiff.
*Frank. A. Baker, III*, for defendant.

WILLIAMSON, *J.*, March 19, 2013—This matter comes before us on a motion for summary judgment filed by Locust Lake Property Owners Association (hereafter, "defendant"), requesting Linda Breen's (hereafter, "plaintiff") complaint be dismissed because plaintiff cannot establish that defendant breached the duty of care necessary to support a *prima facie* case of negligence.

Plaintiff commenced this action by filing a complaint on April 4, 2011. In her complaint, plaintiff alleges that she was walking along a main roadway in Locust Lake Village, which is owned and maintained by the defendant, when she was caused to slip and fall as a result of a dangerous condition consisting of loose gravel and a hole situated in the roadway. Defendant filed their answer on April 15, 2011. Both parties have engaged in discovery,

which included taking depositions. On November 5, 2012, defendant filed the motion for summary judgment and brief in support thereof that is currently in front of this court. On February 28, 2013, plaintiff filed her answer to the motion for summary judgment, and on March 4, 2013, filed a brief in opposition of defendant's motion for summary judgment. Oral argument on this matter was held on March 4, 2013. We are now ready to dispose of defendant's motion for summary judgment.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa.Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v.*

*Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled fact contained in the non-moving party's pleadings. *Mattia v. Employers Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. *Elia v. Olszewski*, 84 A.2d 188 (Pa. 1951).

Defendant contends that this court should enter summary judgment against the plaintiff pursuant to Pa. R.C.P. 1035.3 defendant argues that plaintiff failed to file a timely response to the motion for summary judgment. Pa. R.C.P. 1035.3 provides that a response setting forth the facts in dispute must be filed within thirty (30) days after the service of the motion for summary judgment. The certificate of service attached to defendant's memorandum of law states that the service date for defendant's motion for summary judgment was November 2, 2012. Plaintiff's response was not filed until February 28, 2013. Pa. R.C.P. 1035.3 permits the entry of judgment for failure to respond to a motion for summary judgment, but does not require it. *Stilp v. Hafer*, 701 A. 2d 1387 (Pa. Cmwlth. 1997); Pa. R.C.P. 1035.3 (d). Plaintiff did ultimately file a response,

with a record, and defendant is not prejudiced by the late filing. Therefore, we decline to enter summary judgment against the plaintiff based solely on her failure to file a timely response to defendant's motion.

In the case now before the court, the defendant argues that there are no genuine issues of material fact and requests that the court grant summary judgment in its favor. Defendant alleges that the plaintiff (1) cannot establish the existence of a dangerous condition; (2) cannot establish that the condition in question was not readily apparent to her; (3) cannot establish that the defendant had actual or constructive notice of the dangerous or unsafe condition; and (4) cannot establish that the condition could not have been avoided, even had the plaintiff exercised reasonable diligence. We disagree.

The facts of this case, as viewed in the light most favorable to the plaintiff, are as follows. As of April 19, 2009, Plaintiff had been living at Locust Lake Village for approximately four years[4]. [N/T Linda Breen dep., 11/30/11, p. 29] On that day in April, Plaintiff was walking her dog alongside her daughter on a main roadway maintained by the defendant. [N/T Linda Breen dep., 11/30/11, p. 37]. The roadway is largely made up of dirt and stones. [N/T Linda Breen dep., 11/30/11, p. 38-39]. While walking along the roadway, plaintiff noticed a pothole, which she tried to avoid. As she was trying to avoid the pothole, plaintiff fell due to loose gravel on the roadway, which caused her to suffer injuries. [N/T Linda

---

4. Reference to the testimony from Linda Breen's deposition will be referred to as ["N/T Linda Breen dep., 11/30/11, p._."]

Breen dep., 11/30/11, p. 38-39, 41-43]

To recover in a negligence claim, the plaintiff must establish that (1) the defendant owed a clear duty to her; (2) the defendant breached its duty; (3) a causal connection exists between the defendant's conduct and the plaintiff's injury; and (4) the plaintiff suffered actual loss or damage. *See Farabaugh v. Pa. Tpk. Comm'n*, 911 A.2d 1264 (Pa. 2006).

In the context of a slip and fall case such as this one, the defendant's duty to the plaintiff hinges on what the plaintiff's status on the date of the fall. The Pennsylvania Superior Court has stated:

It has long been the law of this Commonwealth that the duty of a possessor of land towards a third person entering the land has been measured by the status of the entrant at the time of the accident. Section 329 of the Restatement (Second) of Torts defines a "trespasser" as "a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." Next, an "invitee" is defined in the following manner:

(1) An invitee is either a public invitee or a business visitor.

(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly

> connected with business dealings with the possessor of the land.
>
> Finally, the Restatement defines a "licensee" as a "person who is privileged to enter or remain on land only by virtue of the possessor's consent."

*Palange v. City of Philadelphia*, 640 A.2d 1305, 1308 (Pa. Super. 1994)(citations omitted).

Generally, the status of the plaintiff is an issue of fact decided by the jury. *Id.* However, where there can be no question as to the plaintiff's status under the evidence presented, the issue may be decided by the court as a matter of law. *Id.* Since neither party is arguing that plaintiff was a trespasser, we must focus our attention on whether plaintiff was a business invitee or a licensee. According to the Restatement, the essential distinction between invitees and licensees is whether the defendant actively invites use of his land, or merely tolerates it. "An invitation differs from mere permission in this: an invitation is conduct which justifies others in believing that the possessor desires them to enter the land; permission is conduct justifying others in believing that the possessor is willing that they shall enter if they so desire." *Restatement of Torts, 2d.,* § 332, comment b. In effect, a licensee is entitled to the same degree of protection as the defendant landowner. *See Hilscher v. Ickinger*, 166 A.2d 678 (Pa. Super. 1960).

In this case, plaintiff owns a home within defendant's association and is a member of that association. Plaintiff pays dues for, among other things, maintenance of the roadways. Plaintiff argues that because she pays dues,

that she was a business invitee. Defendant argues that plaintiff therein was a licensee. The *Palange* court applied similar facts to the Restatement definitions and found that the plaintiff therein was a licensee. In *Palange*, the Superior Court found a lack of the requisite invitation necessary for a jury instruction on public invitees. The plaintiff in *Palange* was injured after a slip and fall while using the defendant's sidewalk. The defendant business did not erect signs inviting the general public to use its sidewalks, but rather constructed the sidewalk in front of its establishment for the sole purpose of providing an access way for use by its customers. *Palange*, 640 A.2d at 1309. They also found that, at most, defendant tacitly permitted use of its sidewalk by the public, but in no event did it encourage or desire such use. *Id.*

In the current case, plaintiff was using the roadway to walk her dog. There is no testimony that defendant invited the plaintiff to use the roadway for that purpose, or that this purpose had any business benefit to the defendant. As in *Palange*, the defendant association, at most, tacitly permitted the plaintiff to use the roadway to walk her dog, but there was no testimony that it encouraged or desired such use. Therefore, as a matter of law, plaintiff will be considered a licensee at the time of her accident.

The defendant's duty to the plaintiff, as a licensee, is set forth in section 342 of the Restatement (Second) of Torts as follows:

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land, if, but only if,

(a) The possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) It fails to exercise reasonable care to make the condition safe, or to warn the licensees of the risk involved, and

(c) The licensees do not know or have reason to know of the condition and the risk involved.

*Sharp v. Luska*, 269 A.2d 659, 661 (Pa. 1970).

Therefore, in order to survive summary judgment, the plaintiff must establish a question of material fact that (1) the condition in question was dangerous; (2) the condition in question was not readily apparent; (3) the defendant had actual or constructive knowledge of the condition; and (4) the condition could not have been avoided.

## I. Dangerous Condition

The definition of dangerous condition is "a condition that involves an unreasonable risk of harm." *Steinhouse v. Herman Miller, Inc.*, 661 A.2d 1379, 1382 *quoting Restatement of Torts, 2d.*, § 343(a). Pennsylvania courts have generally held that whether a condition is "dangerous" is a question for the jury. *See Mull v. Ickes*, 994 A.2d 1137 (Pa. Super 2010). However, "the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Carrender v. Fitterer*, 469 A.2d 120, 124 (Pa. 1983).

Pennsylvania courts have held that an elevation, depression, or irregularity in a sidewalk or in a street or highway may be so trivial that, as a matter of law, courts are bound to hold that there was no negligence in permitting such depression or irregularity to exist. *Id. quoting Davis v. Potter*, 17 A.2d 338 (Pa. 1941). "Property owners must maintain their sidewalks so that they do not present an unreasonable risk of harm to pedestrians." *Mull*, 994 A.2d at 1140 (citations omitted). However, "[n]o definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression to determine whether the defect is trivial as a matter of law." *Id.* In effect, unless the defect is obviously trivial, the question of whether the condition was dangerous is for the jury to decide.

In *Mull*, the Superior Court found that a two-inch gap between concrete slabs which were on a slight downward slope was not so obviously trivial as a matter of law to authorize summary judgment. *Id.* In that case, although there was snow at some places, there was no accumulation at the exact place the plaintiff fell. The plaintiff in *Mull* testified that she fell when she stepped into an uneven gap on the sidewalk and her ankle twisted. *Id.*

The defendant argues that *Mull* is distinguishable from the present case because *Mull* was about a sidewalk, and this case concerns a roadway. We disagree. In this case, there were no sidewalks for plaintiff to walk on. The roadway maintained by the defendant acted as both a roadway and a sidewalk. Therefore, the *Mull* case serves as a fitting comparison.

Defendant also argues that since the roadway was built

for pedestrians and vehicle traffic, the plaintiff should have expected on a dirt and stone road utilized by motor vehicles. We will discuss the conduct of the plaintiff later in this opinion.

Plaintiff testified that the hole was three to four inches deep and as large as two feet in diameter, surrounded by gravel. [N/T Linda Breen dep., 11/30/11, p. 46, 49]. Attached to the motion for summary judgment are photos of the roadway. Attached to plaintiff's brief are the same photos in color. In reviewing the facts and photographs as presented in light most favorable to the plaintiff, she has presented sufficient evidence to establish a genuine issue of material fact. We cannot say as a matter of law that the hole in the road in combination with loose gravel was a trivial defect.

## II. Notice of the Dangerous Condition

Plaintiff has also presented sufficient evidence to establish a genuine issue of material fact that the defendant had actual or constructive notice of the dangerous condition.

To impose liability, a plaintiff must produce evidence that the condition that caused the injury is traceable to the possessor of land or his agents and not an unassociated individual. *Myers v. Penn Traffic Company*, 606 A.2d 926, 930 (Pa. Super. 1992). In essence, the plaintiff must show that the defendant had actual or constructive notice of the condition. *Estate of Swift v. Northeastern Hosp. of Phila.*, 690 A.2d 719 (Pa. Super. 1997).

Defendant argues that the plaintiff has presented no

evidence of actual notice on the part of the defendant, and that there is no basis to impute constructive notice.

The amount of time that a dangerous condition existed is one of the most important factors when analyzing whether a defendant had constructive notice. *Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa. Super. 2001). Pennsylvania courts regularly treat a plaintiff's failure to provide evidence of the amount of time that a dangerous condition existed as fatal to the plaintiff's case. *See Lanni v. Pa. R.R. Co.*, 88 A.2d 887 (Pa. 1952) (reversing the denial of defendant's motion for judgment notwithstanding the verdict where plaintiff did not provide evidence showing how long the grease spot in which he fell had been on the driveway); *Porro v. Century III Assocs.*, 846 A.2d 1282, 1286 (Pa. Super. 2004) (affirming summary judgment because the plaintiff "admitted in his deposition that he does not know how long the substance he slipped on was present"); *Estate of Swift, supra* at 722 (affirming summary judgment because the plaintiff did not present evidence regarding "how long the condition existed").

In the present case, plaintiff testified that there have been a lot of complaints on defendant's "blog" regarding the roadways. [N/T Linda Breen dep., 11/30/11, p.31]. Plaintiff described the blog as an official forum for residents to voice their opinions. [N/T Linda Breen dep., 11/30/11, p. 31, 32]. Defendant's representative, Ronald Gatti testified that he was aware of the blog, but had not read it[5]. [N/T Ronald Gatti dep., 11/30/11, p.38]. Mr.

---

5. Reference to the testimony from Ronald Gatti's deposition will be referred to as ["N/T Ronald Gatti dep., 11/30/11, p._."]

Gatti also testified that issues regarding the roadways were discussed at association meetings. [N/T Ronald Gatti dep., 11/30/11, p.48]. The plaintiff also testified that there was more loose gravel on the day she fell than on the day before. [N/T Linda Breen dep., 11/30/11, p. 38-39]. Plaintiff stated the roads have been in this condition for four years. [p. 29]. Defendant argues that since the presence of gravel at or near the hole was, at most, one day's duration, constructive notice cannot be imputed. However, looking at the testimony about the blog and the generally well-known, poor condition of the roadways, plaintiff has established a genuine issue of material fact as to whether defendant had actual or constructive notice of the dangerous condition.

### III. Obvious Danger

The question of whether a danger is known or obvious is usually a question for the jury, however, the question may be decided by the court where reasonable minds cannot differ as to the conclusion. *See Carrender*, 469 A.2d 120. Defendant argues that there is overwhelming evidence establishing that the plaintiff knew of the dangerous condition and the risk involved. It is undisputed that the plaintiff knew of the condition. She admitted that the hole, itself, was present for at least a year prior to her fall, and that she noticed there was more gravel on the road the day of her fall. The question, then, is whether there is a material issue of fact that she knew of the risk involved.

Plaintiff testified that she had traversed the area in question once or twice a day for over four years. Her familiarity with the premises is important. In *Himes v.*

*New Enterprise Stone & Lime Co., Inc.*, 582 A.2d 353 (Pa. Super. 1990), the Superior Court affirmed the entry of summary judgment against the plaintiff, a licensee operating her motorcycle on a private road, concluding that the defendant had no duty to her. The Superior Court noted that defendant owed no duty to the plaintiff because of her familiarity with the bridge's condition and the position of a specific plank which she avoided successfully the first time she crossed the bridge, but failed to avoid while coming back across the bridge.

The facts in this case are distinguishable from the facts in *Himes*. In the present case, plaintiff did see the hole, similar to how the plaintiff in *Himes* saw the missing plank in the bridge. However, in the present case, the plaintiff tried to avoid the hole in the road, but slipped on the loose gravel. The cases would be similar if the plaintiff in the present case avoided the hole successfully while walking one way down the street, but stepped into the hole and fell on the way back. Because she tried to avoid the hole, the plaintiff slipped on the loose gravel. Looking at the facts in a light most favorable to the plaintiff, she has established a material issue of fact regarding her appreciation of the risk of the loose gravel that caused her to fall while she was trying to avoid the hole in the roadway.

## IV. Comparative Negligence

Finally, it should be noted that many of defendant's arguments in favor of its motion for summary judgment stem from the plaintiff's prior knowledge of the roadway and her actions on the day in question.

The Superior Court, in *Mull*, held that the trial court

improperly considered Mull's prior knowledge of the sidewalk when finding that the defect was trivial as a matter of law. *Mull*, 994 A.2d at 1140. "Mull's prior knowledge of the sidewalk raises an issue of comparative negligence, which is for a jury to determine." *Id.* Therefore, in accordance with the holding in *Mull*, we find that an issue of material fact exists as to the reasonableness of the plaintiff's actions at the time of the incident in question.

### ORDER

And now, March 19, 2013, upon consideration of defendant's motion for summary judgment, the same is denied.