McGlinn, Appellant, v. Philadelphia et al.

Argued April 29, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thomas B. Hall,* for appellant.

*Aaron W. White* and *John J. K. Caskie,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellee, were not heard.

PER CURIAM, June 26, 1936:

Appellant was walking south on the west side of Fifth Street and, as she neared the curb at the corner of Clearfield Street, a delivery cart appeared directly in her path. She stepped aside to let it pass and fell. She described her fall thus: "I stepped aside to the left, and as I did that, I—my foot sank into something and threw me down, and I rolled over on my side. . . . Then I tried to raise myself. . . . I reached back with my right hand to help me along to get up, and my hand sank into this

and there was a projection there and I knew that was what threw me. . . ." The only other evidence bearing directly on the manner and cause of her fall were the hospital records which show that she stated she fell on the ice.

The evidence as to the condition of the sidewalk where the accident occurred is scant. A surveyor for appellant stated there was a difference in the level of the ends of two abutting curbstones of an inch and a half. The court below held that appellant had failed to prove a defective condition such as would give rise to actionable negligence.

Our review discloses that appellant failed to make out a prima facie case by establishing such negligence on the part of the municipality as to charge it with liability. The standard of care to which a city is held in the maintenance of its sidewalks is one of reasonable safety. It is not an insurer of the absolute safety of the pedestrians who make use of its sidewalks and streets: *Burns v. City of Pittsburgh,* 320 Pa. 92. Not every depression or irregularity will serve to charge it with liability: *Williams v. Kozlowski,* 313 Pa. 219, 223. Each case must depend on all the surrounding circumstances: *Shafer v. Philadelphia,* 60 Pa. Superior 256, 258. Possibility of accident will not warrant recovery: *McIntyre v. City of Pittsburgh,* 238 Pa. 524, 527.

In view of the fact that appellant failed to establish the existence of a dangerous defect in the sidewalk such as to constitute a breach of duty on the part of appellees in its maintenance, it is unnecessary to discuss the question of proximate cause and contributory negligence, which were both raised in this appeal. It is so clearly apparent that appellant did not prove any act of actionable negligence, it would be useless to prolong the discussion.

Judgment affirmed.