Dolores SHAW, Appellant

v.

**THOMAS JEFFERSON UNIVERSITY and City of Philadelphia.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2013.

Decided Nov. 20, 2013.

William T. Lawson, III, Philadelphia, for appellant.

Brian F. George, Philadelphia, for appellee Thomas Jefferson University.

Alan C. Ostrow, Divisional Deputy City Solicitor, Philadelphia, for appellee City of Philadelphia.

BEFORE: BROBSON, Judge, McCULLOUGH, Judge (P.), and FRIEDMAN, Senior Judge.

OPINION BY Judge McCULLOUGH.

Dolores Shaw (Shaw) appeals the October 11, 2012 order of the Court of Common Pleas of Philadelphia County (trial court) granting the City of Philadelphia's (City) motion for summary judgment and dismissing all claims against it. We reverse and remand.

*Facts and Procedural History*

Shaw fell on the sidewalk of Thomas Jefferson University (the University) located at 1025 Walnut Street, Philadelphia, Pennsylvania. She filed a complaint against the University and the City (together, Appellees), alleging that there was an irregularity, defect, and/or otherwise unsafe condition in the sidewalk that caused her to fall and sustain severe and permanent injuries and damages. In its answer, the City asserted that it had governmental immunity under section 8541 of the Judicial Code (Code), Act of Oct. 5, 1980, P.L. 693, *as amended*, 42 Pa.C.S. § 8541, and that the University was primarily liable and thus sought contribution and indemnity from the University.[1] The City also filed a cross-claim against the University, asserting that it is primarily liable and seeking contribution and indemnity. (Trial court op., 1/8/13, at 1.)

Shaw participated in a deposition on October 27, 2010, and testified in pertinent part that she still experiences pain from her alleged fall. She further testified that the day she fell was a nice day with no precipitation. She stated that her view was unobstructed and that she was not looking down at the time of the fall. She also stated that she and her husband visited the site of the fall a week and a half later and measured a two to two and one-half inch elevation change from one segment of the sidewalk to the other. (Reproduced Record at 64, 72–73, 76.)[2]

The University filed a motion for summary judgment, claiming that it was not negligent because: (1) the sidewalk defect was trivial; and (2) it did not have actual or constructive notice of the alleged defect. By order dated January 18, 2011, the University's motion for summary judgment was granted and all claims against it were dismissed. Shaw appealed to the Superior Court, which quashed the appeal as interlocutory because the City remained as a defendant.[3]

---

1. An exception to governmental immunity is found in section 8542(b)(7) of the Code, 42 Pa.C.S. § 8542(b)(7), commonly referred to as the sidewalks exception that states as follows:

   (b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

   * * *

   (7) *Sidewalks.*—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.
   *Id.*

2. The reproduced record submitted by Shaw does not follow the proper numbering format, i.e., the Arabic figure followed by a lowercase "a," as set forth in Pa.R.A.P. 2173.

3. Pennsylvania Appellate Practice section 341:3.1 states as follows:

The City then filed a motion for summary judgment, arguing that its motion should be granted for the same reasons that the University's motion for summary judgment was granted. The City also argued that its motion for summary judgment should be granted under the coordinate jurisdiction rule because it is only secondarily liable and all claims against the University had been dismissed. Further, the City asserted that Shaw presented no evidence that the City had actual or constructive notice of the sidewalk defect. The trial court granted the City's motion for summary judgment, because an equal tribunal had granted summary judgment to the primarily responsible party and, under the coordinate jurisdiction rule, the claims against the City must be dismissed. (Trial court op., 1/8/13, at 3.)

On appeal to this Court,[4] Shaw argues that: (1) the trial court erred in granting summary judgment by determining that the defect in the sidewalk was trivial and not a question for the jury; (2) if the grant of summary judgment to the University was in error, the grant of summary judgment to the City because of the coordinate jurisdiction rule was also in error, and the City's motion for summary judgment should have been independently reviewed regardless of the coordinate jurisdiction rule because the granting of the University's motion for summary judgment was clearly error; and (3) the granting of summary judgment to the University and to the City was in error because both had constructive notice of the defect in the sidewalk.

## Discussion

Pennsylvania Rule of Civil Procedure No. 1035.2 states that a party may move for summary judgment when: (1) there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report; or (2) an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. No. 1035.2(1), (2). The moving party bears the burden of proving the non-existence of genuine issues of fact. *Thompson Coal Company v. Pike Coal Co.*, 488 Pa. 198, 204, 412 A.2d 466, 469 (1979). All doubts are to be resolved in favor of the non-moving party. *Id.* at 204, 412 A.2d at 468–69.

### Sidewalk Defect Not Trivial
### as a Matter of Law

It is well-settled that a sidewalk defect may be so trivial that a court must hold, as a matter of law, that the property owner was not negligent in allowing its existence. *See Bosack v. Pittsburgh Rail-*

When the order disposing of the last claim or party in a case is entered, it is proper to file a single appeal raising issues related to all or some of the prior interlocutory orders disposing of particular claims or parties; it is neither necessary nor appropriate to file separate notices of appeal from each of the prior interlocutory orders.

20 G. Ronald Darlington, Kevin J. McKeon, Daniel R. Schuckers & Kristen W. Brown, Pennsylvania Appellate Practice § 341:3.1 (2012). Thus, the order granting the University's motion for summary judgment is also presently before us on appeal.

4. "[A]n appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals." *Summers v. Certainteed Corporation*, 606 Pa. 294, 307, 997 A.2d 1152, 1159 (2010).

*ways Company,* 410 Pa. 558, 563, 189 A.2d 877, 880 (1963); *Henn v. City of Pittsburgh,* 343 Pa. 256, 258, 22 A.2d 742, 744 (1941). "What constitutes a defect sufficient to render the property owner liable must be determined in the light of the circumstances of the particular case, and except where the defect is obviously trivial, that question must be submitted to the jury." *Breskin v. 535 Fifth Avenue,* 381 Pa. 461, 463, 113 A.2d 316, 318 (1955) (internal quotations and citation omitted). However, there is no mathematical or bright-line rule that can be used to determine "the depth or size of a sidewalk depression necessary to convict an owner of premises of negligence in permitting its continued existence." *Id.* at 464, 113 A.2d at 318. The surrounding circumstances must be examined in each case. *McGlinn v. City of Philadelphia,* 322 Pa. 478, 480, 186 A. 747, 748 (1936).

Shaw asserts that summary judgment should not have been granted because there is no bright-line rule for a court to use in determining whether a sidewalk defect is obviously trivial. In this case, we agree. Our Supreme Court has consistently held as a matter of law that defendants are not liable for negligence when a sidewalk defect is obviously trivial. *See Bosack*[5] (citing cases concerning sidewalk

defects, our Supreme Court granted the defendant railway company's motion for judgment n.o.v. because the plaintiff failed to establish that the street defect constituted actionable negligence); *Harrison v. City of Pittsburgh,* 353 Pa. 22, 44 A.2d 273 (1945) (affirming the trial court's judgment n.o.v. in favor of the defendant city and the defendant property owner because the elevation on the sidewalk was trivial); *Van Ormer v. City of Pittsburgh,* 347 Pa. 115, 31 A.2d 503 (1943) (affirming the trial court's judgment as a matter of law in favor of the defendant city and the defendant property owner because the sidewalk defect was a common and usual irregularity found within cities); *McGlinn* (affirming the trial court's judgment as a matter of law in favor of the defendant city because the plaintiff failed to present evidence that the sidewalk defect gave rise to actionable negligence).

Our Supreme Court has consistently stated that questions of whether a sidewalk defect is trivial and whether a defendant has been negligent in permitting the sidewalk defect to exist should be submitted to the jury when there are genuine issues of material fact based on the surrounding circumstances. *See Massman v. City of Philadelphia,* 430 Pa. 99, 241 A.2d 921 (1968) (denying the defendant city's

---

5.  In *Bosack,* the plaintiff tripped in a hole in between railroad tracks while crossing the street and fell, sustaining injuries. The depression was caused by cobblestones naturally sloping down toward the rail, causing a twelve- to eighteen-inch long and one and one-half- to two-inch deep depression. The plaintiff filed suit against the defendant railway company, alleging in pertinent part that the railway company was negligent in permitting the defect to exist. After a jury trial, the jury returned a verdict in favor of the plaintiff. The trial court denied the railway company's motion for judgment n.o.v. and entered judgment on the verdict.

On appeal, our Supreme Court reversed the order of the trial court and directed judgment

n.o.v. to be entered in favor of the railway company. Quoting *Henn,* the court noted that the railway company had a duty of reasonable care in maintaining and keeping the spaces in between its track in a safe manner and analogized this duty to a municipality's duty in the maintenance of streets. The court also noted that it is well-settled that a street defect may be so trivial that as a matter of law a court must hold that there was no negligence in permitting the defect to exist. After careful examination of the record and admitted photographs, the court concluded that the plaintiff failed to establish actionable negligence on the railway company's part.

motion for judgment n.o.v. because the dimensions of the defect and the surrounding circumstances provided questions for the trier of fact to decide); *Breskin* (granting a new trial because the surrounding circumstances prevented judgment as a matter of law that the sidewalk defect was trivial); *Henn* (affirming that, based on the surrounding circumstances, the question of whether the city was negligent in permitting a sidewalk defect to exist was for the jury to decide).

In *Breskin*, a woman walking along a crowded sidewalk in downtown Pittsburgh was forced to the side of the sidewalk where she stepped in a wedge in the broken cement that was approximately four to five inches long and one to one and one-half inches deep; she fell forward, sustaining injuries. The woman and her husband filed a trespass action for personal injuries against the property owner. The trial court granted the property owner's motion for binding instructions to the jury because the woman and her husband's evidence was insufficient to establish actionable negligence and they were not contributorily negligent. The trial court denied the woman and her husband's motions for: (1) removal of a compulsory nonsuit as to additional defendants; and (2) a new trial as to the property owner.

On appeal, our Supreme Court affirmed the judgment as to the additional defendants, reversed the judgment as to the property owner, and granted a new trial without the binding jury instructions. The court noted that, except where obviously trivial, what constitutes a defect sufficient to impose liability on the property owner must be examined in light of all of the circumstances and that is a question to be submitted to the jury. The court further noted that there is "no definite or mathematical rule [that] can be laid down as to

the depth or size of a sidewalk depression necessary to convict an owner of premises of negligence in permitting its continued existence." *Breskin*, 381 Pa. at 464, 113 A.2d at 318. The court concluded that the defect in that case could not be held to be trivial as a matter of law and that it was a question for the jury to decide when considering all of the surrounding circumstances.

The Superior Court recognized the absence of a definitive standard in a situation similar to the present case in *Mull v. Ickes*, 994 A.2d 1137 (Pa.Super.2010). In *Mull*, a pedestrian was walking on a sidewalk toward an insurance agency's building when she stepped into a gap between concrete slabs that was two inches long and one and one-half inches deep. She and her husband filed suit against the insurance agency and the insurance agency's owner alleging that she sustained injuries as a result of her fall. The trial court found that the alleged defect was trivial and granted the agency and the agency owner's motion for summary judgment. On appeal, the Superior Court concluded that the surrounding circumstances of the case, including the gap's location in the direct line of travel to enter the building, the slope of the slab of concrete that contained the defect, and the agency owner's acknowledgment that he noticed the gap prior to the incident, presented genuine issues of material fact that did not warrant summary judgment. In reversing, the Superior Court "emphasize[d] that there is no definite or mathematical rule that determines when a defect is trivial; instead, the case must be determined on the individual facts." *Id.* at 1140.

Here, as in *Mull*, after review of the record and the surrounding circumstances, we conclude that the sidewalk defect is not so obviously trivial that summary judgment should have been granted to Appel-

lees. The sidewalk is located in Center City, Philadelphia, and is heavily trafficked. Shaw also tripped on the defect in front of the University's hospital during lunchtime on a weekday, when pedestrian traffic is particularly high. These conditions present genuine issues of material fact that must be submitted to the jury in order to determine whether Appellees negligently permitted the sidewalk defect to remain. As the Supreme Court stated in *Breskin*, "[e]ven though the day was clear, the jury could rightfully determine that she could not see the defect in time to avoid it. . . . The question was for the jury under all the circumstances." 381 Pa. at 464, 113 A.2d at 318.

Each case presents a unique set of circumstances that must be evaluated on an independent basis. *McGlinn.* Our Supreme Court has noted that there is no bright-line rule to determine whether a sidewalk defect is obviously trivial, *see Breskin*, and, as is the case here, summary judgment should not be granted when there are genuine issues of material fact. *See* Pa.R.C.P. No. 1035.2. Thus, we conclude that the grant of summary judgment to the University was in error and therefore there is no basis for the grant of summary judgment to the City.

### Coordinate Jurisdiction Rule

██  Courts of coordinate jurisdiction sitting in the same case should not overrule each other's decisions. *Commonwealth v. Starr*, 541 Pa. 564, 573, 664 A.2d 1326, 1331 (1995). "Departure [from this legal principle] is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Id.* at 575–

76, 664 A.2d at 1332. Further, "[t]he release of the primarily liable party extinguishes any claims against the secondarily liable party." *Burns v. Crossman and City of Philadelphia*, 740 A.2d 773, 774 (Pa.Cmwlth.1999).

Here, the trial court granted the City's motion for summary judgment because the University's motion for summary judgment had been granted. The trial court stated as follows:

> [The coordinate jurisdiction] rule compelled the result reached by this Court on the Appellant's Motion for Summary Judgment. Summary judgment was granted on January 18, 2011 in favor of the primarily liable party, Thomas Jefferson University, the abutting property owner. Thus, Appellee, City of Philadelphia, which can only be held secondarily liable for the plaintiff's injuries, *must*, as a result, be granted summary judgment under the Coordinate Jurisdiction Rule because the primarily responsible party had received judgment in its favor.

(Trial court op., 1/8/13, at 3) (emphasis in original). However, we have already concluded that the grant of summary judgment to the University was in error because the sidewalk defect is not obviously trivial as a matter of law. Because the City was granted summary judgment based only on the coordinate jurisdiction rule, and because the University, as the primarily liable party, had been dismissed from the case, there is no longer any basis for the grant of summary judgment to the City. Thus, the questions of the City's negligence and liability are also for the jury to decide.

Accordingly, we reverse and remand to the trial court for further proceedings con-

sistent with this opinion.[6]

### *ORDER*

AND NOW, this 20th day of November, 2013, the orders of the Court of Common Pleas of Philadelphia County dated January 18, 2011, and October 11, 2012, are reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

**6.** Because the questions of a trivial defect and negligence are to be submitted to the jury, it follows that the question of constructive notice under section 8542(b)(7) of the Code is also for the jury to decide. Thus, we need not address this argument further.