**Brice v. River Rock Creative Group, Inc.**

C.P. of Monroe County, No. 10372 CV 2010

HIGGINS, *J.*, Jan. 12, 2015—Plaintiff Julius Brice ("plaintiff) brought this action against River Rock Creative Group, Inc. ("RRCG") and Fred McIlvenny, both in his capacity as an officer, director, and/or shareholder of RRCG and as an individual (collectively "defendants") to recover damages from an allegedly breached construction contract. The parties are presently before the court on defendant Fred McIlvenny's motion for summary judgment in his capacity as an individual. The relevant procedural history is as follows:

On October 26, 2010, plaintiff issued a writ of summons upon defendants.

On June 27, 2012, plaintiff filed a complaint upon

the defendants setting forth three Counts. Specifically, plaintiff alleges defendants (1) violated the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); (2) breached a contract; and (3) breached warranties.

On July 27, 2012, McIlvenny, in his individual capacity, filed preliminary objections to plaintiffs complaint. McIlvenny contended that he could not be sued as an individual shareholder for any alleged contract breaches by RRCG and that plaintiff had not sufficiently alleged any facts that would justify piercing the corporate veil. Def.'s Prelim. Objections ¶¶ 17, 18.

In response to McIlvenny's preliminary objections, plaintiff filed an amended complaint on August 10, 2012. In his amended complaint, plaintiff further alleges RRCG was an undercapitalized corporation and that RRCG "used plaintiffs deposit to stay afloat on other projects." Pl.'s Am. Compl. ¶ 25. Additionally, plaintiff alleges in his amended complaint that RRCG failed to observe corporate formalities and that McIlvenny intermingled corporate and personal funds. *Id.* at ¶ 30.

On August 29, 2012, the court dismissed McIlvenny's preliminary objections as moot because plaintiff filed the amended complaint.

On September 10, 2012, McIlvenny filed an answer and new matter. In his new matter, McIlvenny set forth nine separate defenses, including allegations that plaintiff is improperly trying to pierce the corporate veil and is improperly trying to recover from McIlvenny individually.

Def.'s Answer & New Matter ¶¶ 45-53.

On October 15, 2012, plaintiff replied to McIlvenny's new matter.

On October 9, 2014, McIlvenny filed this present motion for summary judgment and a supporting brief.

On November 21, 2014, plaintiff replied to this motion and filed a supporting brief.

On December 5, 2014, the court ordered this motion be removed from the argument list, to be determined on the parties' briefs.

This matter is now ripe for determination.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1035.2 provides that a party may move for summary judgment:

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2; *see also Shaw v. Thomas Jefferson*

*University*, 80 A.3d 540, 542 (Pa. Cmwlth. 2013) (citing *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468 (Pa. 1979)).

Summary judgment may be granted only in cases where the right is free and clear from doubt. *Musser v. Vilsmeier Auction Co.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts concerning any genuine issue of material fact against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597, 601 (Pa. 1970). Additionally, the court must accept as true all well-pleaded facts contained in the non-moving party's pleadings. *Mattia v. Employers Mut. Cos.*, 440 A.2d 616, 617 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters., Inc.*, 280 A.2d 570, 573 (Pa. Super. 1971).

"A defendant may establish a right to summary judgment by demonstrating the plaintiffs inability to show an element essential to his claim. If the plaintiff fails to contravene the defendant's claim with evidence raising a factual dispute as to that element, the defendant is entitled to entry of judgment as a matter of law." *Pappas v. UNUM Life Ins. Co. of Am.*, 856 A.2d 183, 186 (Pa. Super. 2004) (citations omitted). The non-moving party (plaintiff) may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826, 829 (Pa. 1973). In defending or opposing a motion for summary judgment, neither party to the motion may rely on inadmissible hearsay. *Botkin v. Metropolitan Life Ins. Co.*, 907 A.2d 641, 649 (Pa. Super. 2006).

Piercing the Corporate Veil

In his motion, McIlvenny alleges that this court should grant summary judgment in his favor under Rule 1035.2(2) because after relevant discovery, plaintiff has failed to produce evidence of facts sufficient to establish that any of plaintiff s causes of action apply to McIlvenny individually through the theory of piercing the corporate veil. In order to decide whether summary judgment should be granted, we must first address this threshold question of piercing the corporate veil. If plaintiff has failed to hold his burden of establishing evidence of facts that would show the corporate veil should be pierced, then McIlvenny is entitled to judgment as a matter of law.

To prevail in piercing the corporate veil, plaintiff would need to show a substantial reason to disregard the corporate entity. Specifically, plaintiff would need to point to evidence of facts that shows "failure to adhere to corporate formalities, substantial intertwining of personal and corporate affairs, undercapitalization, [or] the furthering of personal interests." *Dep't of Envtl. Res. v. Peggs Run Coal Co.*, 423 A.2d 765, 768-69 (Pa. Cmwlth. 1980) (citations omitted). The Supreme Court of Pennsylvania has recognized these as "the factors to be considered in disregarding the corporate form." *See Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995) (citing *Kaites v. Dep't Envtl. Res.*, 529 A.2d 1148, 1151 (Pa. Cmwlth. 1987)).

There is a general rule in Pennsylvania that the

corporate form should be upheld "unless specific, unusual circumstances call for an exception." *Id.* Thus, Pennsylvania courts are loathe to disregard the corporate entity absent evidence that "the corporate form ... is used to defeat public convenience, justify wrong, protect fraud or defend crime." *Good v. Holstein*, 787 A.2d 426, 430 (Pa. Super. 2001).

In his amended complaint, plaintiff alleges that RRCG is undercapitalized, PL's Am. Compl. ¶ 25, that McIlvenny disregarded corporate formalities, *id.* at ¶ 30, and that McIlvenny intermingled his private and RRCG's corporate finances. *Id.*

McIlvenny's motion for summary judgment avers that despite discovery, plaintiff has failed to produce evidence of facts that would support any of these allegations regarding piercing the corporate veil. McIlvenny argues that because plaintiff has failed to produce such evidence, all three of plaintiff's counts are inapplicable to McIlvenny in his capacity as an individual and thus he is entitled to judgment as a matter of law.

In plaintiff's reply to motion for summary judgment, he admits that discovery and depositions have been exchanged. PL's reply mot. summ. j. ¶ 7. The only evidence plaintiff offers in support of his position is his own deposition testimony where he stated, *inter alia*, that Mike McKalotz, an employee of RRCG, hinted to plaintiff during construction that RRCG was "running out of money" and "having financial problems." *Id.* at ¶16;

Pl.'s dep. p. 78-9.

Plaintiff's evidence is insufficient to defeat McIlvenny's motion for summary judgment. Plaintiff's testimony of Mike McKalotz's statements is inadmissible hearsay and plaintiff may not rely on such evidence to support his argument against a motion for summary judgment. *Botkin*, 907 A.2d at 649. Consequently, since Mr. McKalotz's statements are the *only* evidence plaintiff offers to support his allegations to pierce the corporate veil, plaintiff has not carried his burden.

Plaintiff argues in his brief that:

The nonmoving party must either identify one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion ... or identify evidence in the record establishing the facts essential to the cause of action or defense in which the motion cites as not having been produced.

Pl.'s br. opp'n to mot. summ. j., p. 2 (citing *Harber Philadelphia Center City Office, Ltd. v. LPCI, Ltd.*, 764 A.2d 1100 (Pa. Super. 2000)). While plaintiffs statement of the law is correct, the proper way for plaintiff to have presented the evidence he wishes to rely on to defeat this motion would have been to take the deposition of Mike McKalotz or offer a sufficient explanation as to why his deposition could not be taken. As stated before, plaintiff may not rely on inadmissible hearsay as evidence to defeat a motion for summary judgment in any manner. Accordingly, plaintiff has not met his burden of producing

evidence of facts sufficient to defeat McIlvenny's motion for summary judgment.

In light of the foregoing, we take the following order.

## ORDER

And now, this 13th day of January, 2015, is it hereby ordered that defendant Fred McIlvenny's motion for summary judgment be granted and Counts I through III of plaintiff's complaint are dismissed as to defendant Fred McIlvenny in his capacity as an individual.