IN THE COMMONWEALTH COURT OF PENNSYLVANIA

222 Development Group, LLC, : 
              Appellant : 
               : 
      v. : No. 1541 C.D. 2016
               : ARGUED:  March 6, 2017
Maxatawny Township and : 
Maxatawny Township Municipal : 
Authority : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY           FILED:  May 12, 2017


     222 Development Group, LLC (222 Development Group) appeals from the July 15, 2016 order of the Court of Common Pleas of Berks County (trial court) which dismissed 222 Development Group's second petition to appoint a board of view.  We affirm.


     On January 17, 2013, 222 Development Group commenced an action against Maxatawny Township and Maxatawny Township Municipal Authority (together, Maxatawny), by way of a four count complaint.  222 Development Group entitled the counts as follows:  Count I Trespass; Count II Ejectment; Count

III Declaratory Judgment; and Count IV Appointment of Board of View. (Reproduced Record (R.R.) at 3a-7a.)[1] 222 Development Group alleged damages as a result of Maxatawny's construction of a sewage sanitation system on 222 Development Group's property (Property), pursuant to an alleged invalid and incomplete grant of easement, which was granted prior to 222 Development Group's ownership of the Property. (*See* R.R. at 3a-4a.) Subsequently, on June 6, 2013, 222 Development Group filed, in the same case, a Petition to Appoint a Board of View (Petition I) under the Eminent Domain Code.[2] (R.R. at 59a.) On June 10, 2013, Judge Schmehl, sitting on the trial court, issued an order granting 222 Development Group's Petition I and appointed a board of view. (R.R. at 113a.)

On June 20, 2013, Maxatawny filed a Motion for Reconsideration and Stay (Motion), seeking reconsideration of the trial court's June 10, 2013, order and a stay of the appointment of the board of view. (R.R. at 115a-17a, 119a.) Maxatawny argued that the trial court must first make a determination as to whether a taking occurred prior to appointing a board of view, and that the trial court decided Petition I without giving Maxatawny an opportunity to respond. (R.R. at 115a, 118a.) On June 24, 2013, Maxatawny filed timely preliminary objections to Petition I. (R.R. at 123a.) Also on June 24, 2013, Judge Schmehl of the trial court issued a Reassignment Order transferring the case from himself to Judge Sprecher on the trial court. (R.R. at 145a.)

---

[1] 222 Development Group did not number the pages in the Reproduced Record in the manner required by Pa. R.A.P. 2173, which states Arabic figures are to be followed by a small "a." We will cite to the page numbers of the Reproduced Record in the proper format.

[2] 26 Pa. C.S. §§ 101 – 1106.

On August 20, 2013, a proceeding was held in the trial court before Judge Sprecher. (Supplemental Reproduced Record (S.R.R.) at 1b.) On September 30, 2013, the trial court (Sprecher, J.) issued an order stating the "preliminary objections under the Eminent Domain Code are hereby Granted and this court's Order to Appoint a Board of View is hereby vacated." (R.R. at 276a.)

On January 6, 2016, the trial court reassigned the case from Judge Sprecher to Judge Lillis. (R.R. at 277a.) On January 13, 2016, 222 Development Group filed a second Petition to Appoint a Board of View (Petition II) in the case. (R.R. at 279a.) On July 15, 2016, Judge Lillis of the trial court issued an opinion and order dismissing Petition II under the law of the case doctrine, in particular the coordinate jurisdiction rule, which states that a judge of coordinate jurisdiction sitting in the same case should not overrule an earlier judge's decision. (R.R. at 330a-32a.) Judge Lillis stated that the trial court's prior order clearly granted Maxatawny's preliminary objections and that the issue in controversy was already adjudicated by the previous judge sitting in the case. (R.R. at 332a.) Judge Lillis noted that 222 Development Group did not appeal that order or otherwise take any action until filing Petition II, and deemed Petition II to be an attempt to "take a second bite at the apple …." (R.R. at 332a.)

On August 10, 2016, 222 Development Group filed a petition, pursuant to Pa. R.A.P. 341, to determine the finality of the trial court's July 15, 2016 order for the purpose of appealing to this Court.[3] (R.R. at 323a.) The trial

---

[3] Pa. R.A.P. 341(c) provides, in relevant part:

**(Footnote continued on next page…)**

court (Lillis, J.) entered an order granting the petition, stating that an appeal of the trial court's July 15, 2016 order would facilitate resolution of entire case. (R.R. at 328a.) 222 Development Group now appeals to this Court from the trial court's July 15, 2016 order.[4]

222 Development Group raises one question for our review, namely, whether the trial court erred in finding that Judge Sprecher's September 30, 2013 order adjudicated the issue in question, and therefore, the law of the case doctrine precluded the reappointment of a board of view. 222 Development Group points out that before a trial court can rule on preliminary objections which raise a question of fact, it must conduct an evidentiary hearing. 222 Development Group argues that the September 30, 2013 order did not adjudicate the issue in question because the trial court did not conduct an evidentiary hearing[5] and because the

---

**(continued…)**

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered.

[4] This Court's scope of review in an eminent domain matter is limited to determining whether the trial court abused its discretion or committed an error of law and whether the findings of the trial court are supported by substantial evidence. *Linde Enterprises, Inc. v. Lackawanna River Basin Sewer Authority*, 911 A.2d 658 (Pa. Cmwlth. 2006).

[5] In support of its argument that the August 20, 2013 proceeding was not an evidentiary hearing, 222 Development Group contends there was no record of the proceeding. While the transcript of that proceeding was not available when 222 Development Group filed its brief with this Court, subsequently, on February 9, 2017, this Court received a supplemental certified **(Footnote continued on next page…)**

4

September 30, 2013 order did nothing more than vacate the appointment of the board of view to afford Maxatawny more time to conduct discovery.

"[U]nder the coordinate jurisdiction rule, judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions." *Riccio v. American Republic Insurance Company*, 705 A.2d 422, 425 (Pa. 1997). This rule falls within the law of the case doctrine, which embodies the concept that--

> [a] court involved in the later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in the earlier phases of the matter. Among the related but distinct rules which make up the law of the case doctrine are that: ... upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

*Id.* (*quoting Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995)). "'Departure [from this legal principle] is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed.'" *Shaw v. Thomas Jefferson University*, 80 A.3d 540, 545 (Pa. Cmwlth. 2013) (*quoting Starr*, 664 A.2d at 1332).

---

**(continued…)**

record from the trial court which contained the transcript, as well as the trial court's January 31, 2017 order granting Maxatawny's motion to certify that transcript as part of the supplemental record.

5

In the September 30, 2013 order, Judge Sprecher stated that the "preliminary objections under the Eminent Domain Code are hereby Granted and this court's Order to Appoint a Board of View is hereby vacated." After reviewing the transcript of the August 20, 2013 proceeding, it is clear this was an evidentiary hearing.[6] Thus, contrary to 222 Development Group's assertion, the September 30, 2013 order was issued after the requisite hearing.[7]

222 Development Group focuses only on that portion of the trial Court's order stating that the board of view is vacated, and ignores the remainder of the order, which by its plain language, granted Maxatawny's preliminary objections to Petition I. Like Petition I, Petition II sought the appointment of a board of view, and therefore, involved the same legal question. 222 Development Group does not allege any intervening change in the controlling law, or a substantial change in the facts or evidence giving rise to the dispute, nor could the trial court or this Court discern any such change. Although 222 Development Group argues the September 30, 2013 order was in error, the trial court concluded that the order was not clearly erroneous and would not create a manifest injustice if followed. We cannot say that the trial court abused its discretion or erred as a matter of law in reaching that conclusion. Thus, under the coordinate jurisdiction rule, the trial court did not err in declining to overrule Judge Sprecher's September 30, 2013 order, and in dismissing Petition II.

---

[6] We note that 222 Development Group and Maxatawny each presented a witness and entered exhibits into evidence.

[7] *See* Section 504(d) of the Eminent Domain Code, 26 Pa. C.S. § 504(d) (requiring the trial court to conduct an evidentiary hearing or otherwise take evidence if the preliminary objections raise an issue of fact).

Accordingly, we affirm the trial court's order dismissing 222 Development Group's Petition II.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| 222 Development Group, LLC, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1541 C.D. 2016 |
| | : | |
| Maxatawny Township and | : | |
| Maxatawny Township Municipal | : | |
| Authority | : | |

O R D E R

AND NOW, this 12th day of May, 2017, the order of Berks County Court of Common Pleas in the above-captioned matter is hereby affirmed.

_____
JULIA K. HEARTHWAY, Judge