J-A17024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LORI MONTI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PET SUPPLIES PLUS, LLC, PET | : | |
| SUPPLIES PLUS, LLC, F/K/A PSP | : | |
| PARENT, LLC. AND POCONO RETAIL | : | |
| ASSOCIATES, LLC | : | No. 3210 EDA 2019 |

Appeal from the Order Entered October 4, 2019
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 8681-CV-2015

BEFORE:  BOWES, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:  **FILED JULY 21, 2020**

Lori Monti (Appellant) appeals from the October 4, 2019 order of the Monroe County Court of Common Pleas granting the motion of Pocono Retail Associates, LLC (Pocono Retail Associates) for summary judgment.  On appeal, Appellant also challenges the trial court's December 28, 2018, order granting the motion of Pet Supplies Plus, LLC, Pet Supplies Plus, LLC, f/k/a PSP Parent LLC's (collectively Pet Supplies) for summary judgment.  Appellant avers the trial court erred in granting these motions because genuine issues of material fact existed and in violating the **Nanty-Glo** rule.[1]  We affirm.

---

[1] **Nanty-Glo v. American Surety Co.**, 163 A. 523, 524 (Pa. 1932).  **See Lineberger v. Wyeth**, 894 A.2d 141, 149 (Pa. Super. 2006) ("The **Nanty–Glo** rule prohibits summary judgment 'where the moving party relies

We take the following factual background and procedural history from the trial courts' opinions and our independent review of the certified record.

> Pocono Commons is a multi-tenant shopping center, owned and managed by Pocono Retail Associates. Pet Supplies is a tenant within Pocono Commons, occupying the interior space of one building, pursuant to the terms of a written lease agreement with Pocono Retail Associates.

Trial Ct. Op., 12/28/18, at 2 (citation omitted).

> Section 9 of the lease agreement[ ] states that "[Pocono Retail Associates] grants as a revocable license to [Pet Supplies] and [Pet Supplies'] customers and invites the privilege to use the Common Areas." . . . Similarly, Section 6(e)[ ] states that while Pet Supplies is responsible for contributing its proportionate share of the costs, Pocono Retail Associates' retains certain duties, including: "operating, managing . . . insuring, repairing, replacing, and maintaining the Common Areas." [emphasis added].

*Id.* at 9 (emphases omitted); *see also* Lease Agreement, 6/23/00, at 5-6.

The trial court summarized the allegations in Appellant's complaint as follows:

> On or about March 4, 2014, at approximately 3:00 pm, [Appellant[2]] was walking out of the "Pet Supplies Plus" store . . . On the sidewalk, immediately outside of the store, her walker wheel became lodged in a "dip in the sidewalk" with gravel in and around the dip. [Appellant] proceeded to slip, trip, and fall, flipping over her walker and smashing her face on the concrete.

_____

exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact . . .'").

[2] We note that Appellant was in her mid-30's when the accident occurred and she was diagnosed with multiple sclerosis in 1999. Appellant's Deposition, 12/15/16, at 13.

As a result, [Appellant] sustained bodily injuries, such as bleeding, abrasions, and contusions, to her muscles, bones, tendons, discs, ligaments, nerves, nose, back, head, neck, right side of body, face, and right pinkie finger. She also sustained multiple nasal fractures, multiple septal fractures, facial scarring, a closed head injury, and aggravation of pre-existing conditions. [Appellant] is seeking damages in excess of $50,000, together with interest and costs from all [Appellees], both jointly and individually.

Trial Ct. Op., 12/28/18, at 2-3, *citing* Appellant's Complaint, 5/7/15, at ¶¶ 18, 23, 25.

We note that on December 15, 2016, Appellees' counsel deposed Appellant. During this deposition, Appellee's counsel presented Appellant with two photographs taken by Appellant's friend, Maria Ramos, 45 minutes after the fall occurred. Appellant circled the area where her walker "became stuck." Appellant's Deposition at 36-38. Appellant also explained due to a previous incident where she fell and broke her leg, she had become "more careful" when walking, but "when [she had] the walker, [she] did not look at the floor." *Id.* at 87-89. Appellant also testified as follows:

[Counsel:] If it weren't for someone telling you what caused you to fall, did you have any idea of what caused you to fall?

[Appellant:] No.

*Id.* at 92-93. Furthermore, Appellant's sister, Jayme Steadman, who witnessed the fall, was also deposed on August 31, 2017. *See* Jayme Steadman's Deposition, 8/31/17.

Appellant filed a complaint on May 7, 2015, in the Philadelphia County Court of Common Pleas, alleging negligence against Pet Supplies, Hickory Plaza Shopping Center, Inc., JJ Gumberg Company, and Cedarwood Development, Inc. The trial court summarized the ensuing procedural history:

Due to improper venue, her Complaint was transferred to the Monroe County Court of Common Pleas on November 13, 2015. On December 4, 2015, all parties filed a stipulation in agreement to allow Pet Supplies to file a Joinder Complaint against Pocono Retail Associates, which was filed on December 10, 2015.

Following the parties' stipulation for joinder, a series of stipulations were filed to dismiss several of the original Defendants. On February 29, 2016, all parties agreed to a stipulation, allowing original Defendants, Hickory Plaza Shopping Center, Inc., and JJ Gumberg Company to be voluntarily dismissed from the action with prejudice. Then, on March 10, 2016, all parties stipulated to dismiss original Defendant, Cedarwood Development, Inc. with prejudice. With the court's acceptance of these stipulations, the remaining Defendants included Pet Supplies and Pocono Retail Associates.

On April 4, 2016, Pocono Retail Associates filed [its] Reply and New Matter to Pet Supplies['] Joinder Complaint. After preliminary objections by Pet Supplies, Pocono Retail Associates filed an Amended Answer and New Matter on November 18, 2016. On November 6, 2017, Pet Supplies filed their first Motion for Summary Judgment, and on February 26, 2018 this [c]ourt denied that motion as premature. Also on February 26, 2018, this [c]ourt issued to the parties a case management order, setting the date for completion of discovery for March 30, 2018. After the end of discovery, on May 30, 2018, Pocono Retail Associates filed a Motion for Summary Judgment. The next day, Pet Supplies renewed their Motion for Summary Judgment.

Trial Ct. Op., 12/28/18, at 2-4.

On December 28, 2018, the trial court granted Pet Supplies' motion for summary judgment against Appellant and Pocono Retail Associates. The trial court also granted in part and denied in part Pocono Retail Associates' motion for summary judgment. The trial court granted this motion as to Appellant's premises liability claim for the defect in the transitory spill of the gravel, but it denied in part the motion concerning the "dip or defect" in the sidewalk. The trial court found there was a genuine issue of material fact as to the triviality of the alleged defect. Order, 12/28/18.

On January 8, 2019, Pocono Retail Associates filed a motion for reconsideration of the trial court's December 28, 2018, order. Attached to Pocono's Retail Associates' reconsideration motion, was a letter by its expert, David J. Littlewood, PE. This letter explained his examination of the sidewalk, specifically the area Appellant circled in the photograph presented during her deposition on December 15, 2016: "The joint of the sidewalk pads outside [Pet Supplies'] door that [Appellant] circled in a photograph and indicated was the 'dip in the sidewalk' that contributed to her fall was measured to be an approximately 3/16 inch change in elevation at the highest change in elevation." **See** Pocono Retail Associates' Motion for Summary Judgment, 1/8/19, Exhibit B, Letter from David J. Littlewood, 5/30/18, at 5.

The trial court granted reconsideration and heard oral argument on July 3, 2019. During this hearing, Pocono Retail Associates reiterated Littlewood's

findings. Upon inquiry from the trial court, Appellant confirmed she did not have any expert report:

> THE COURT:. . . So my question to you is, based on what the [two photographs taken by Maria Ramos] show, one of you is saying it shows nothing, the other is saying it shows deterioration and erosion, so my question to you is, do you have a witness, or an expert, or anybody, who can say they looked at the expansion joint and that it was anything other than a standard expansion joint? That it, for example, the concrete was breaking, that the depression was a half inch by six inches wide, that it was, that there was a big crater in this expansion joint, do you have anybody to say anything?
>
> [Appellant's Counsel]: I don't have anybody to say anything of that nature. I would rely on the [pictures.]

N.T. Reconsideration H'rg, 7/3/19, at 15.

After reviewing the parties' briefs, the trial court granted Pocono Retail Associates' motion for summary judgment. *See* Order, 10/4/19, at 8-9. The trial court reasoned no genuine issues of material fact existed in this matter because Appellant provided no evidence of the size or depth of the alleged defect of the sidewalk. The court considered the defect trivial. Trial Ct. Op., 10/4/19, at 5-6. On October 15, 2019, Appellant filed a timely notice of appeal and filed a court-ordered Pa.R.A.P. 1925(b) statement on November 6, 2019.[3]

Appellant presents three issues for our review:

---

[3] Preliminarily, we note with displeasure that Appellant's Rule 1925(b) statement is five pages in length and raises ten issues. We remind counsel that "[t]he Statement shall **concisely** identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added).

- 6 -

1. Did the trial court commit error by determining that the sidewalk defect was trivial as a matter of law and that there were no genuine issues of material fact when the record supported that that gap between the sidewalk panels caused [Appellant] to flip over her walker and smash her face on concrete, and further commit error by entering an order granting reconsideration of Pocono Retail Associates, LLC's Motion for Summary Judgment, based largely on a testimonial affidavit of Pocono Retail Associates' paid expert witness?

2. Did the trial court commit error by entering an order granting Summary Judgment determining that no general issues of material facts existed as to the gravel on the sidewalk that contributed to [Appellant's] fall?

3. Did the trial court commit error . . . by entering an order granting summary judgment, determining that no genuine issues of material facts existed as to the duty of [Pet Supplies] to protect business invitees who were entering or exiting the Pet Supplies Plus Store?

Appellant's Brief at 5.[4]

In her first issue, Appellant avers the trial court erred in finding the defect in the sidewalk to be trivial as a matter of law. Appellant contends the fact that the break or deviation in the sidewalk is small does not render it trivial. Appellant's Brief at 23. Appellant supports her contention with several cases concerning triviality and the size of defects, specifically: ***Breskin v. 535 Fifth Avenue***, 113 A.2d 316 (Pa. 1955), and ***Shaw v. Thomas Jefferson University***, 80 A.3d 540 (Pa. Cmwlth. 2013). In ***Breskin***, the Supreme Court

---

[4] We further note Appellant's principal brief, at 43 pages, does not comply with Pa.R.A.P. 2135. ***See*** Pa.R.A.P. 2135(a)(1) ("A party shall file a certificate of compliance with the word count limit if the principal brief is longer than 30 pages . . .").

of Pennsylvania found a break in the sidewalk of 1 to 1.5 inches was not trivial as a matter of law. Appellant's Brief at 23. In **Shaw**, the Commonwealth Court of Pennsylvania recognized the Supreme Court's finding that issues of "whether a sidewalk defect was trivial and whether a defendant has been negligent in permitting the sidewalk defect to exist should be submitted to the jury when there are genuine issues of material fact based on the surrounding circumstances." Appellant's Brief at 24 *citing* **Shaw**, 80 A.3d at 543. Finally, Appellant argues the trial court erred in granting Pocono Retail Associates' motion for summary judgment because the court violated the **Nanty-Glo** rule. Appellant contends it improperly accepted the letter of Pocono Retail Associates' expert, David Littlewood, citing purported measurements of the defect in the sidewalk measuring less than 1/4 of an inch. Appellant's Brief at 34.

Our scope and standard of review of an appeal from the grant of a motion for summary judgment is well-settled:

> [O]ur scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo.*

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Reinoso v. Heritage Warminster SPE LLC*, 108 A.3d 80, 84 (Pa. Super. 2015) (*en banc*) (citation omitted).

Pennsylvania Rule of Civil Procedure 1035.2(a)(2) states:

[A]ny party may move for summary judgment in whole or in part as a matter of law

* * *

. . . if, after the completion of discovery relevant to the motion [for summary judgment], including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035(2). The official note to this rule states in relevant part, "To defeat this motion [for summary judgment], the adverse party must come forth with evidence showing the existence of the facts essential to the cause of action or defense." *Id.*, *note*.

When a defect is "trivial," because it does not involve an unreasonable risk of harm, then a possessor of land is not responsible for discovering, warning, or fixing that defect. In *Mull v. Ickes*, 994 A.2d 1137 (Pa. Super. 2010), this Court set forth the general rule regarding trivial defects:

Although property owners have a duty to maintain their sidewalks in a safe condition, property owners are not responsible for trivial

- 9 -

defects that exist in the sidewalk. Our courts have held that an elevation, depression, or irregularity in a sidewalk or in a street or highway may be so trivial that, as a matter of law, courts are bound to hold that there was no negligence in permitting such depression or irregularity to exist.

*Id.* at 1140 (citations omitted). There is "'[n]o definite or mathematical rule [that] can be laid down as to the depth or size of a sidewalk depression' to determine whether the defect is trivial as a matter of law." *Id.* at 1140 (citations omitted). Triviality is determined primarily by the size of the irregularity. "The extent of irregularity which may be present in a street . . . varies with other circumstances, such as amount of travel, actual location of the rise or depression, character of material with which the pavement or walk is constructed, nature of the irregularity, and other circumstances." *Henn v. City of Pittsburgh*, 22 A.2d 742, 743 (Pa. 1941) (citations omitted); *see also Mull*, 994 A.2d at 1140 (reversing grant of summary judgment for trivial defect where insurance company noticed pavement height of 5/8 inches was a hazard before plaintiff was injured). If the defect is not obviously trivial, the question of negligence then must be submitted to a jury. *Mull*, 994 A.2d at 1140.

In the instant matter, the trial court reasoned:

[Appellant] has provided no evidence to this [c]ourt of the size or depth of the alleged defect in the sidewalk. [Appellant's] sole possible evidence of size or depth is documented in the photographs taken by Maria Ramos, a friend of [Appellant], who was not present at the time of the accident. Ms. Ramos took two photos roughly 45 minutes following [Appellant's] incident. Her photos are primarily from a high downward pointing angle, as opposed to a low side angle, and do not contain any object of

- 10 -

known size for scaling. For these reasons it is difficult if not impossible for this [c]ourt, or a jury, to visually assess the rough or relative size or depth of the alleged defect using the photographs. Taking the photographs in the light most favorable to [Appellant], the photographs do depict an expansion joint between two slabs of concrete with light concrete deterioration and a white gravel-like substance in and around the crack. However, the size and depth of the expansion joint are unknown.

Having no other objective evidence of a defect, we turn now to the circumstantial evidence presented by [Appellant]. In the Complaint, [Appellant] alleges that she suffered a "slip and fall on loose gravel and cracked/broken sidewalk" outside the Pet Supplies Store. [Appellant] clarifies in her deposition that her walker wheel got stuck in "[l]ike a dip with gravel." However, at one point, [Appellant] agrees that the spot her wheels got stuck at was merely an expansion joint in the sidewalk. [Appellant] further states that upon returning to the site of her injury a couple months later, having no evidence there were repairs to the sidewalk, that "[i]t looked fine." Such admissions by [Appellant] support Pocono Retail [Associates'] expert witness, David Littlewood's affidavit, in which he states the difference in elevation between concrete slabs are less than 1/4 inch, within nationally recognized sidewalk safety standards, no other defects in the sidewalk were observed, and no repairs appear to have been made.

Trial Ct. Op., 10/4/19, at 5-6 (record citations omitted).

We emphasize the trial court found Appellant provided no evidence of the size, depth, or condition of the alleged defect in the pavement. She likewise provided no expert witness or report. While Appellant averred that her walker became stuck in an expansion joint in the sidewalk, she only provided two aerial photographs of the alleged defect, which did not show any height difference. We note Appellant also stated, in her deposition, that if no one had told her what caused her to fall, she would not have known. *See* Appellant's Deposition at 92-93. At the reconsideration hearing, Appellant's

counsel conceded Appellant's testimony, the two photographs taken by Maria Ramos, and Ramos' potential testimony would be the only evidence to substantiate Appellant's claims. *See* Pa.R.C.P. 1035(a)(2). Thus, Appellant is entitled no relief on her claim that the trial court erred in finding the sidewalk defect trivial as a matter of law.

Additionally, the ***Nanty–Glo*** rule prohibits summary judgment "where the moving party relies exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact **except where the moving party supports the motion by using admissions of the opposing party or the opposing party's own witness**.*" **Lineberger**, 894 A.2d at 149 (emphasis added).

Here, the trial court reasoned:

> Although [Appellant] argues that Pocono Retail [Associates'] expert witness's affidavit should not be considered under the ***Nanty-Glo Borough*** rule, we find that since Pocono Retail [Associates'] Motion for Summary Judgment also relies upon the admissions of [Appellant's] own witnesses, the ***Nanty-Glo*** rule is inapplicable, and summary judgment may be properly considered.

Trial Ct. Op. at 6-7. Neither party disputes that Appellant is a crucial witness. Pocono Retail Associates supported its summary judgment motion with statements made by Appellant during her deposition. Therefore, the court's consideration of these statements in these summary judgment proceedings were proper under the ***Nanty-Glo*** exception. ***See Lineberger***, 894 A.2d at 149. Thus, Appellant's ***Nanty–Glo*** argument must fail.

In her second and third issues, Appellant claims the trial court erred in granting summary judgment when it determined that no issue of material fact existed regarding the gravel on the pavement and how it contributed to Appellant's fall. Appellant's Brief at 35. Appellant contends the combination of the amount of gravel on the pavement and its presence immediately in front of a store that was open to the public presented an issue of material fact for the fact finder to determine whether Appellees had notice of the condition and whether they were negligent. *Id.* at 38. Appellant also argues the trial court erred by granting summary judgment to Pet Supplies and finding they had no duty to protect business invitees against dangers at the entrance of the store. *Id.* at 38. Appellant avers the mere fact that there was a lease agreement between Pet Supplies and Pocono Retail Associates does not abrogate the heightened duty that Pet Supplies owed to Appellant as a business invitee when the incident occurred no "more than a few steps" away from Pet Supplies' location. *Id.* at 39.

To hold a defendant liable for negligence, a plaintiff must prove: "(1) a legally recognized duty that the defendant conform to a standard of care; (2) the defendant breached that duty; (3) causation between the conduct and the resulting injury; and (4) actual damage to the plaintiff." *Truax v. Roulhac*, 126 A.3d 991, 997 (Pa. Super. 2015). "The level of any duty owed to one present on another's land depends on that person's status." *Id.*

In determining the scope of the duty owed by a property owner to a business invitee, Pennsylvania courts have adopted Section 343 of the Restatement (Second) of Torts which provides:

> With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he,
>
> "(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger."

*Reinoso*, 108 A.3d at 85, *quoting* Restatement (Second) of Torts, § 343.

Importantly:

> An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein. Therefore an invitee is not required to be on the alert to discover defects which, if [she] were a mere licensee, entitled to expect nothing but notice of known defects, he might be negligent in not discovering. . . .

*Id.*, *quoting* Restatement (Second) of Torts § 343, *comment*.

In its December 28, 2018, order and opinion, the trial court stated:

> As the plaintiff in this action, [Appellant] bears the burden of providing sufficient facts to support a prima facie negligence case. Assuming arguendo that the language in the lease agreement is at all relevant to her negligence, [Appellant] admittedly lacks even a scintilla of factual evidence to support Pet Supplies **placed or spilt** the gravel (or any other item) on the exterior sidewalk in violation of that lease agreement. The record

reflects that during discovery, [Appellant] did not depose any of Pet Supplies' employees. Furthermore, [Appellant] has not directed this [c]ourt toward any facts or evidence garnered during discovery, such as surveillance footage or photographs or witness testimony, showing that Pet Supplies placed any item on the area where [Appellant] slipped, tripped, and fell.

We hold that viewing the facts in the light most favorable to [Appellant], she lacks sufficient evidence to demonstrate a prima facie case of negligence under the theory of vicarious liability against Pet Supplies. Specifically, [Appellant] failed to present any facts showing an agent of Pet Supplies, such as an employee, acted negligently in any way related to her accident or is in anyway responsible for the origin of the gravel-like substance she slipped tripped or fell upon. . . .

\* \* \*

[Appellant] has provided this [c]ourt with absolutely no evidence, testimony or otherwise, as to the cause, origin, or duration of the gravel. On the contrary, she attempts to argue that the origin of the gravel should be a jury question. We find that without sufficient facts as to the origin, cause or duration of the gravel, it would be impossible for a jury to reach a conclusion that would not require them to resort to conjecture, guess, or speculate as to the element of constructive notice. Without further evidence of duration, the jury could not know whether the gravel was dropped mere minutes before [Appellant] slipped, or whether the gravel had been in that location for hours or even days.

Trial Ct. Op., 12/28/18, at 12, 18-19.

Here, Appellant, a business invitee, provided no evidence demonstrating the cause, origin, or duration of the gravel spill. Appellant merely mentions its existence where the fall occurred. Appellant has not provided any evidence raising an issue of fact whether Pet Supplies breached their duty of care or if any of its employees created the alleged hazard. Thus, Appellant has not

- 15 -

proven her negligence claim.  **See Truax**, 126 A.3d at 997; **Reinoso**, 108 A.3d at 86.  Appellant is not entitled relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/20