Sherri L. MULL and Gary C. Mull, Jr., Appellants

v.

C.S. ICKES, Jr. and Ickes Insurance Agency, Inc. t/d/b/a Ickes Insurance Agency, Appellees.

Superior Court of Pennsylvania.

Argued April 1, 2010.

Filed May 4, 2010.

**1138**

Virginia S. Scott, Pittsburgh, for appellants.

Matthew C. Moore, Johnstown, for appellees.

BEFORE: MUSMANNO, OLSON, and FREEDBERG *, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 This matter is before the court on Sherri L. Mull's and Gary C. Mull, Jr.'s appeal from the trial court's order of August 12, 2009, which granted Appellees' motion for summary judgment. For the reasons set forth herein, we reverse and remand.

¶ 2 On January 6, 2006, Appellant, Sherri L. Mull, was walking on the sidewalk in front of the place of business of Appellee Ickes Insurance Agency ("Agency"), intending to enter the Agency. Mull intended to visit her friend, Jennifer Maust, who was employed by the Agency, to see if Maust knew why her son's bus was late. Mull testified that it had just finished snowing, so parts of the sidewalk were covered with snow. Additionally, there was an uneven portion of the sidewalk that had gaps between the concrete slabs. As Mull was about to proceed into the Agency, she stepped on an uneven portion of the sidewalk where a gap was located between the concrete slabs, which caused her to fall. As a result of the fall, Mull suffered an ACL tear, an ankle sprain, a lateral meniscal tear, and a contusion to her left knee.

¶ 3 On June 2, 2009, Appellees filed a motion for summary judgment, contending that they were entitled to summary judgment as a matter of law because they could not be found negligent since the uneven portion of the sidewalk where Mull fell constituted a "trivial defect." Motion for Summary Judgment, pp. 1–2. In support of their motion, Appellees attached the deposition transcript of Mull, along with the pictures that she identified at her deposition. Appellants filed a brief in opposition to the motion for summary judgment, in which they argued that the defect in the sidewalk could not be considered trivial as a matter of law. Appellants attached the deposition testimony of Appellee Christopher S. Ickes ("Ickes") and the pictures he identified at his deposition.[1]

¶ 4 Following oral argument, the trial court granted Appellees' motion for summary judgment. The trial court stated why it deemed the defect to be trivial:

In the instant case, the alleged defect is a slab of concrete making up part of the sidewalk, which has sunk down towards the building and away from the road. The photographs attached to the Plaintiff's Brief in Opposition to Summary Judgment show that the alleged defect

---

* Retired Senior Judge assigned to the Superior Court.

1. In their brief, Appellees contend that the deposition testimony of Maust can be considered as evidence. Appellees' Brief, p. 8. Maust's deposition transcript is not part of the certified record. Thus, we cannot consider Maust's testimony.

has pulled away from the sidewalk and toward the building just over two inches and is, at its most depressed point, around one and one-half inch deep. The most depressed part of the block is on the side of the sidewalk closest to the building. Furthermore, while the slab of concrete in question does tilt toward the building, the grade is very slight, slight enough that we can say with certainty that it is not beyond reasonably safe. Trivializing the defect even more is the fact that [Mull], who has lived right across the street from Ickes Insurance Agency for seven years, has periodically visited her friend and Ickes['] employee Jennifer Maust, at Ickes Insurance Agency over the course of at least a year prior to the incident. Clearly [Mull] has passed by this portion of the sidewalk numerous times over the past year or more when visiting Ickes Insurance Agency with no prior issues.

We find that the alleged defect in question, a concrete slab with a one and one-half inch deep depression and a slight grade away from the road, even when taking the facts in the light most favorable to the non-moving party, is trivial enough that as a matter of law there was no negligence on the part of the [Appellees] in allowing the irregularity to exist.

Memorandum, Aug. 12, 2009, pp. 4–5.

¶ 5 Appellants timely filed a notice of appeal and, subsequently, filed a timely concise statement of errors complained of on appeal.[2] Appellants set forth the following issues for our review:

I. Whether the Trial Court erred in finding as a matter of law that defects in a heavily traveled public sidewalk having a height difference of one to one-and-a-half inches, a two-inch gap between concrete slabs, and a slope constituted a "trivial defect?"

. . .

II. Whether the Trial Court erred when the court considered and ruled upon evidence of Plaintiff's alleged negligence, and effectively ruled as a matter of law that Plaintiff was contributorily negligent and barred from recovery?

Brief of Appellant, p. 4.

¶ 6 When an order granting summary judgment is appealed to this Court,

our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo.*

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a

---

**2.** Upon review of Appellants' 1925(b) statement, the trial court declined to file a supplemental 1925(a) opinion.

fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Jones v. Levin,* 940 A.2d 451, 453–454 (Pa.Super.2007) (internal citations omitted); *see also LJL Transp., Inc. v. Pilot Air Freight Corp.,* 905 A.2d 991 (Pa.Super.2006).

¶ 7 Pennsylvania law provides that property owners have a duty to keep their sidewalks in a reasonably safe condition for travel by the public. *Peair v. Home Ass'n of Enola Legion No. 751,* 287 Pa.Super. 400, 430 A.2d 665, 667 (1981). Property owners must maintain their sidewalks so that they do not present an unreasonable risk of harm to pedestrians. *Bromberg v. Gekoski,* 410 Pa. 320, 189 A.2d 176, 177 (1963); *German v. City of McKeesport,* 137 Pa.Super. 41, 8 A.2d 437, 440 (1939). Whether a property owner has complied with this duty must be determined on a case-by-case basis by looking at all of the surrounding circumstances. *McGlinn v. City of Philadelphia,* 322 Pa. 478, 186 A. 747, 748 (1936).

¶ 8 Although property owners have a duty to maintain their sidewalks in a safe condition, property owners are not responsible for trivial defects that exist in the sidewalk. Our courts have held that an elevation, depression, or irregularity in a sidewalk or in a street or highway may be so trivial that, as a matter of law, courts are bound to hold that there was no negligence in permitting such depression or irregularity to exist. *Davis v. Potter,* 340 Pa. 485, 17 A.2d 338 (1941); *see Bosack v. Pittsburgh Railways Co.,* 410 Pa. 558, 189 A.2d 877 (1963) (no liability where plaintiff tripped on depression or irregularity outside normal pedestrian crossing); *see also Harrison v. City of Pittsburgh,* 353 Pa. 22, 44 A.2d 273, 274 (1945) (finding that property owners could not be negligent because

slightly elevated manhole cover in middle of sidewalk was slight and trivial).

¶ 9 "No definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression" to determine whether the defect is trivial as a matter of law. *Breskin v. 535 Fifth Ave.,* 381 Pa. 461, 113 A.2d 316, 318 (1955); *Emmey v. Stanley Co. of America,* 139 Pa.Super. 69, 10 A.2d 795, 797 (1940). Thus, if the defect is not obviously trivial, the question of negligence must be submitted to a jury. *Breskin,* 113 A.2d at 318.

¶ 10 In this case, the defect was not so obviously trivial as a matter of law to authorize summary judgment. Mull's fall occurred on a winter afternoon, when there was snow on the sidewalk. Pictures of the sidewalk taken that day reveal that, although there was snow at some places, there was no accumulation at the exact place Mull fell. She testified that she did not fall on snow; rather, she fell when she stepped into an uneven gap on the sidewalk and her ankle twisted. Photographs of the sidewalk show that the gap measured approximately two inches, and that there was a difference in height of approximately one-and-a-half inches between the slabs of concrete that surrounded the gap. The slab of concrete at issue sloped towards Appellees' building. The gap was in the direct line of travel of one entering the building. Ickes acknowledged that he had noticed the gap and slope of the sidewalk prior to Mull's fall.

¶ 11 Viewing this evidence in the light most favorable to Appellants, they have presented sufficient evidence to establish genuine issues of material fact. In reaching this decision, we emphasize that there is no definite or mathematical rule that determines when a defect is trivial; instead, the case must be determined on the individual facts.

¶ 12 While the focus in determining whether a defect is trivial must be based on the specific facts of this case, our inquiry is aided by prior decisions. *Daddona v. Thind,* 891 A.2d 786 (Pa.Commw.2006), is persuasive that summary judgment should not have been granted in the instant case. In *Daddona,* a products liability defendant asserted cross-claims based on negligence against other defendants. The evidence was that "at the time of the accident the front-end loader Daddona operated struck a metal drainage inlet frame and grate protruding approximately two inches above the surface of the pavement." *Id.* at 816. The court held that "the negligent construction and maintenance of this area of pavement" supported refusal to grant a non-suit on the negligence cross-claims. *Id., see also Breskin,* 113 A.2d at 316 (Court found that a break in the sidewalk that was 5 inches wide and 1½ inches deep was not trivial as a matter of law); *Henn v. City of Pittsburgh,* 343 Pa. 256, 22 A.2d 742 (1941) (finding that an irregular contoured hole in the sidewalk that was one-and-a-half to two inches in depth and that was in the direct line of travel on a well populated street was not trivial as a matter of law); *Massman v. City of Philadelphia,* 430 Pa. 99, 241 A.2d 921, 924 (1968) (case sent to the jury where plaintiff was injured on a one-half inch deep, six inch wide, twenty-eight inch long crack in the sidewalk); *Aloia v. Washington,* 361 Pa. 620, 65 A.2d 685 (1949) (issue of negligence must be submitted to the jury where the plaintiff stepped into a hole two to three inches deep on an unlighted street); *Burns v. City of Philadelphia,* 350 Pa.Super. 615, 504 A.2d 1321 (1986) (liability determination for the jury where plaintiff injured herself when she stepped into a large recessed tree well in the middle of a walkway); *Shafer v. Philadelphia,* 60 Pa.Super. 256 (1915) (plaintiff tripped on a three to four inch depression in the sidewalk and the Court found that the matter must be submitted to a jury). Because the defect is not indisputably trivial and given its position in Appellant's path into the building, the trial court improperly granted summary judgment.

¶ 13 We also hold that the trial court improperly considered Mull's prior knowledge of the sidewalk when finding that the defect was trivial as a matter of law. Mull's prior knowledge of the sidewalk raises an issue of comparative negligence, which is for a jury to determine. *See O'Brien v. Martin,* 432 Pa.Super. 323, 638 A.2d 247, 249 (1994) (explaining that "it is well-known that ... comparative negligence[ ] may not be found by the court as a matter of law unless the facts so clearly reveal the plaintiff's negligence that reasonable minds could not disagree as to its existence"); *see also Sculley v. Philadelphia,* 381 Pa. 1, 112 A.2d 321 (1955) (noting that a "pedestrian is not required to keep his vision fixed continually on the ground immediately in front of him to discover possible points of danger").

¶ 14 Order granting summary judgment reversed and case remanded. Jurisdiction relinquished.