J-A31024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTINE M. RAFALKO AND ADAM RAFALKO, HER HUSBAND | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WILLIAM SWEENEY, INDIVIDUALLY AND WILLIAM SWEENEY D/B/A BITTY'S BILL'S, LLC, A/K/A BITTY BILLS AND STEPHEN E. HUNISCH AND VIRGINIA A. HUNISCH | |
| Appellees | No. 617 MDA 2015 |

Appeal from the Order Entered March 24, 2015
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2012-04596

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED JANUARY 29, 2016**

Christine and Michael Rafalko (collectively, Rafalko) appeal from the order of the Court of Common Pleas of Lackawanna County granting summary judgment in favor of William Sweeney (Sweeney), Individually and William Sweeney D/B/A Bitty's Bill's, LLC, A/K/A Bitty Bills and Stephen E. Hunisch and Virginia A. Hunisch (collectively, Appellees).  For the reasons set forth herein, we reverse and remand for proceedings consistent with this memorandum.

The trial court summarized the facts of this case as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

Defendant William Sweeney is the owner and operator of an outdoor ice cream shop known as "Bitty Bills," located at 4211 Birney Avenue, Moosic, Pennsylvania. Defendants Stephen and Virginia Hunisch leased the ice cream shop premises to Mr. Sweeney on January 1, 2007, for a term of five years. According to the complaint, during the daylight hours of September 24, 2010, Plaintiff Christine Rafalko, a business invitee to Bitty Bill's, slipped and fell in the gravel parking lot as she was walking away from her vehicle and suffered injuries to the right side of her body. There were no witnesses to the incident. On July 26, 2012, Mrs. Rafalko and her husband filed a two count Complaint against Mr. Sweeney, individually, and as owner of Bitty Bills, and against Mr. and Mrs. Hunisch, alleging Negligence and Loss of Consortium.

Trial Court Opinion, 3/24/15, at 1.

Rafalko filed a motion for summary judgment on August 26, 2014, arguing that the undisputed facts in the record established negligence *per se*. In support of this argument, Rafalko cited the report of their safety expert, Kenneth T. Vail. This report alleged two violations of applicable zoning regulations from the Code of the Borough of Moosic. Specifically, the report stated that both the slope[1] and the surface material[2] used for the parking lot violated local Code requirements.

On November 7, 2014, Appellees filed a cross motion for summary judgment arguing that no prima facie case of negligence existed in the case because Rafalko could not describe the specific defect that caused her to fall.

---

[1] According to Vail's report, the Code requires that parking lots not exceed 5% grade; Vail reported "approximately 15% sloped grade" in the parking lot at issue. Rafalko's Motion for Summary Judgment, at 5.

[2] According to Vail's report, the developer was required to pave the parking lot rather than use gravel. Rafalko's Motion for Summary Judgment, at 7.

Sweeney's Motion for Summary Judgment, at 4. Additionally, Appellees argued that "gravel cannot be said to be a defect in the premises as a gravel surface is open and obvious to any persons who walk upon it." *Id.* at 9.

On March 24, 2015, the trial court denied Rafalko's motion and granted Appellees' cross-motion for summary judgment. According to the trial court, "[t]here is no evidence in this case that there was a defective condition existing upon the premises at the time of Mrs. Rafalko's fall, or even if such a condition existed, that Defendant Sweeney [had] actual or constructive notice of it." Trial Court Opinion, 3/24/15, at 7. The court did not recognize a defective condition because "[t]he fact that it was an uneven gravel surface upon which [Rafalko] was walking was an open and obvious condition of the parking lot." *Id.* Additionally, the trial court determined that: 1) Rafalko was not entitled to summary judgment on a theory of negligence *per se*; and 2) the Hunisch defendants were landlords out of possession at the time of Rafalko's alleged injury and "had no knowledge of any alleged defect that may or may not have caused [Rafalko's] fall," *id.* at 6, and were thus entitled to summary judgment in their favor."

This timely appeal followed, in which Rafalko raises the following issues for our review:

1. Whether there is sufficient evidence of record to support the conclusion that the Appellees were negligent.

2. Whether the evidence of record actually establishes negligence *per se*, insofar as there is uncontested evidence of record to establish that the Appellees breached several duties

owed to [Rafalko] as a business invitee on the Appellees' property.

Appellants' Brief, at 5.

On appeal from an order granting summary judgment:

our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Mull v. Ickes*, 994 A.2d 1137, 1139-40 (Pa. Super. 2010) (citing *Jones v. Levin*, 940 A.2d 451, 453-54 (Pa. Super. 2007)).

"[I]n a negligence case, a plaintiff must demonstrate the following elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) a causal relationship between the breach and the resulting injury suffered by the plaintiff; and (4) actual loss suffered by the plaintiff." *Ramalingam v. Keller Williams Realty Group, Inc.*, 121 A.3d 1034, 1042 (Pa. Super. 2015) (citation omitted). "The duty owed to a business invitee is the highest duty owed to any entrant upon land. The

- 4 -

landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." ***Reinoso v. Heritage Warminster SPE LLC***, 108 A.3d 80, 85 (Pa. Super. 2015) (quoting ***Campisi v. Acme Markets, Inc.***, 915 A.2d 117, 119 (Pa. Super. 2006)). Specifically, the duty of a possessor of land to protect invitees from harm is expressed in § 343A of the Restatement (Second) of Torts as follows:

§ 343A Known or Obvious Dangers

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

Restatement (Second) of Torts § 343A.

In support of her allegations, Rafalko points to the expert report of risk management consultant Kenneth T. Vail. ***See*** Rafalko's Motion for Summary Judgment, Exhibit B. Therein, Vail opines:

Mrs. Rafalko fell due to a combination of an unpaved, loose-gravel walkway surface, of improper aggregate size and type, placed on an improperly prepared approximately 15% sloped grade, un-compacted/insufficiently stabilized, which created a localized pedestrian hazard which caused her to slip as the surface gave way during normal pedestrian ambulation.

***Id.*** at 8.

Despite this report, the trial court determined that there existed no evidence of a defective condition or that Appellees had actual or constructive notice thereof. Furthermore, the court found that the "uneven gravel surface upon which [Rafalko] was walking was an open and obvious condition of the parking lot" and that Rafalko "is unable to point to any specific physical defect in the parking lot that caused her to fall." Trial Court Opinion, 2/23/15, at 7. These statements, arguably contradictory, appear to mischaracterize the nature of the defect alleged by Rafalko.

Viewed in a light most favorable to Rafalko, this evidence would enable a reasonable jury to conclude that Appellees had actual or constructive knowledge of a foreseeable risk of harm to business invitees walking in the parking lot, and the trial court should not have decided the issue as a matter of law. *See Mull*, 994 A.2d at 1139-40.

Next, we address Rafalko's argument that she is entitled to summary judgment on a theory of negligence *per se*. We agree with the trial court in finding that:

> [v]iolation of a statute, although negligence *per se*, does not constitute a ground for imposing liability unless it can be shown to be [a] substantial factor in causing the injury. Whether a party's conduct has been a substantial factor in causing the injury is ordinarily a question of fact for the jury, and may be removed from the jury's consideration only where it is so clear that reasonable minds cannot differ on the issue.

Trial Court Opinion, 2/23/15, at 4 (citing *Gravlin v. Fredavid Builders & Developers*, 677 A.2d 1235, 1238-39 (Pa. Super. 1996)). Here, Rafalko alleges that both the slope and surface material used in the subject parking

- 6 -

lot violated applicable zoning ordinances. Whether these alleged violations constituted a substantial factor in causing Rafalko's injury remains a question of fact for the jury, and thus summary judgment was properly denied on the issue of negligence *per se*. **Gravlin**, **supra** (citing **Vernon v. Stash**, 532 A.2d 441, 446 (Pa. Super. 1987)).

Finally, we address the grant of summary judgment to the Hunischs based on the finding that they were landlords out of possession at the time of Rafalko's alleged injury.[3] "As a general rule, a landlord out of possession is not liable for injuries incurred by third parties on the leased premises because the landlord has no duty to such persons." **Jones v. Levin**, 940 A.2d 451, 454 (Pa. Super. 2007). However, there are a number of exceptions to the general rule of non-liability of a landlord out of possession, one of which is particularly relevant in the instant case: the public use exception. "Under this exception, a landlord out-of-possession may be liable if he or she has leased the premises for a purpose involving admission of the public and has failed to inspect for or

_____

[3] For the sake of completeness, we acknowledge Appellees' contention that Rafalko has waived any argument regarding the "out of possession landlord" finding of the trial court. Appellees' Brief at 20. However, viewed in the light most favorable to Rafalko, the notice issue raised would apply globally to all named Defendants, including the Hunischs.

repair dangerous conditions prior to transferring possession of the property."

*Id.* at 456; *see also* Restatement (Second) of Torts § 359.[4]

Here, the trial court acknowledged a lease of the subject property "for a term of five years to operate an ice cream business." Trial Court Opinion, 2/23/15, at 5. An ice cream business necessarily involves admission of the public, thus implicating the public use exception. A question of fact remains as to whether the Hunischs had notice "that the gravel parking area created a hazardous walking surface for all pedestrians." Appellants' Brief, at 16. This question of fact is best left to a jury and the trial court inappropriately decided the issue as a matter of law. *Mull*, 994 A.2d at 1139-40.

---

[4] § 359 Land Leased for Purpose Involving Admission of Public

> A lessor who leases land for a purpose which involves the admission of the public is subject to liability for physical harm caused to persons who enter the land for that purpose by a condition of the land existing when the lessee takes possession, if the lessor
>
> > (a) knows or by the exercise of reasonable care could discover that the condition involves an unreasonable risk of harm to such persons, and
> >
> > (b) has reason to expect that the lessee will admit them before the land is put in safe condition for their reception, and
> >
> > (c) fails to exercise reasonable care to discover or to remedy the condition, or otherwise to protect such persons against it.

Restatement (Second) of Torts § 359.

Based on the foregoing, we conclude the trial court abused its discretion when it granted Appellees' motion for summary judgment. Accordingly, we reverse and remand for further proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2016