J-A11017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WITOLD KISIEL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ZBIGNIEW WISZYNSKI | |
| Appellee | No. 1605 MDA 2016 |

Appeal from the Order Entered August 19, 2016
In the Court of Common Pleas of York County
Civil Division at No(s): 2014-SU-1415-54

BEFORE:  SHOGAN, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                **FILED AUGUST 14, 2017**

Witold Kisiel appeals, *pro se*, from the August 19, 2016 order entered in the York County Court of Common Pleas granting summary judgment in favor of Zbigniew Wiszynski.  We affirm.

This matter arises out of a collision between Kisiel and Wiszynski while skiing downhill on a mountain slope in Warrington Township, York County. On May 22, 2014, Kisiel filed a complaint against Wiszynski sounding in negligence.  On June 30, 2016, Wiszynski filed a motion for summary judgment.  On August 19, 2016, the trial court granted Wiszynski's motion. Kisiel timely appealed. [1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Preliminarily, we must discuss Kisiel's failure to comply with multiple Pennsylvania Rules of Appellate Procedure.  Kisiel's brief fails to include a
*(Footnote Continued Next Page)*

Kisiel raises the following issue[2] on appeal: Whether the trial court erred in granting summary judgment to Wiszynski?

Our scope and standard of review when reviewing a grant of summary judgment are well-settled:

> [O]ur scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of

(Footnote Continued) ─────────────

statement of jurisdiction, the order in question, a statement of the scope and standard of review, a statement of the questions involved, or a summary of the argument. **See** Pa.R.A.P. 2111, 2114, 2115 2116, 2117, and 2118. Kisiel's brief contains very little citation to relevant authority as well as inadequate reference to matters in the record and fails to show where in the record he preserved his issues for appeal. **See** Pa.R.A.P. 2119(b), (c), and (e).

"Although Pennsylvania courts endeavor to be fair to *pro se* litigants in light of the challenges they face conforming to practices with which attorneys are far more familiar, [we] nonetheless long have recognized that we must demand that *pro se* litigants comply substantially with our rules of procedure." **Commonwealth v. Spuck**, 86 A.3d 870, 874 (Pa.Super. 2014) (internal citation omitted). Further, "'[t]his Court will not act as counsel' for an appellant who has not substantially complied with our rules." **Id.** (quoting **Bombar v. W. Am. Ins. Co.**, 932 A.2d 78, 93 (Pa.Super. 2007)). Based on Kisiel's failure to adhere to the Rules of Appellate Procedure, this Court has the right to quash or dismiss his appeal pursuant to Rule 2101. **See** Pa.R.A.P. 2101 (noting that parties appearing before this Court "shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit . . . and, if the defects are in the brief or reproduced record of the appellant and are substantial," we may quash or dismiss the appeal). However, "in the interest of justice we address the arguments that can reasonably be discerned from this defective brief." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa.Super. 2003).

[2] Although Kisiel does not include a statement of questions involved in his brief, we are able to discern his sole issue.

review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

***Reinoso v. Heritage Warminster SPE LLC***, 108 A.3d 80, 84 (Pa.Super.)

(quoting ***Mull v. Ickes***, 994 A.2d 1137, 1139–40 (Pa.Super. 2010)), *app.*

*denied*, 117 A.3d 298 (Pa. 2015).

This case involves the Pennsylvania Skier's Responsibility Act, which

provides in relevant part:

(c) DOWNHILL SKIING.—

(1) The General Assembly finds that the sport of downhill skiing is practiced by a large number of citizens of this Commonwealth and also attracts to this Commonwealth large numbers of nonresidents significantly contributing to the economy of this Commonwealth. It is recognized that as in some other sports, there are inherent risks in the sport of downhill skiing.

(2) The doctrine of voluntary assumption of risk as it applies to downhill skiing injuries and

- 3 -

> damages is not modified by subsections (a) and (a.1).

42 Pa.C.S. § 7102(c). In **Bell v. Dean**, 5 A.3d 268 (Pa.Super. 2010), this Court explained that although the doctrine of comparative negligence[3] has largely superseded the common law doctrine of assumption of the risk, "the legislature specifically retained the doctrine of assumption of the risk as a defense with respect to the sport of downhill skiing." **Id.** at 268. Where the defense of assumption of the risk applies, the "defendant is said to owe no duty of care to [the] plaintiff, and [the] plaintiff's negligence cause of action must fail. [The] [p]laintiff cannot prove [the] defendant's negligence without first proving [that the] defendant owed him a duty of care." **Id.** at 269. We concluded that the Skier's Responsibility Act "and the 'no duty' common law doctrine of assumption of the risk, which it preserves, . . . apply equally as a potential bar to negligence actions between patrons and ski resorts and between two or more patrons of a ski resort." **Id.**

In **Bell**, we reiterated our Supreme Court's test for determining whether summary judgment is appropriate in an action for injuries sustained while skiing:

_____

[3] Generally, in a negligence action, a plaintiff's own negligence will not bar recovery as long as the plaintiff's negligence is not greater than that attributed to the defendant; rather, damages are diminished in proportion to the amount of negligence attributable to the plaintiff. 42 Pa.C.S. § 7102(a). This framework is known as comparative negligence.

First, this Court must determine whether [Appellant] was engaged in the sport of downhill skiing at the time of [his] injury. If that answer is affirmative, we must then determine whether the risk ... is one of the "inherent risks" of downhill skiing, which [Appellant] must be deemed to have assumed under the Act. If so, then summary judgment was appropriate because, as a matter of law, [Appellant] cannot recover for [his] injuries.

*Id.* at 269-70 (quoting ***Hughes v. Seven Springs Farm, Inc.***, 762 A.2d 339, 344 (Pa. 2000)). The "risks inherent to the sport of downhill skiing [are] those that are common, frequent, and expected[,]" including the risk of colliding with another skier. *Id.* at 270 (quotation omitted).

Kisiel avers that, on the date of the collision, he and Wiszynski had agreed on which path to follow down the ski slope. Wiszynski then stated that he would follow Kisiel. The pair proceeded down the hill. At some point thereafter, Wiszynski appeared to lose control. Kisiel claims that despite having time to avoid hitting him, Wiszynski collided with Kisiel.

Kisiel contends that the "risk of being hit from behind . . . after verbal agreement by the two skiers to follow one another" is not an inherent risk of downhill skiing as contemplated by the Skier's Responsibility Act. Kisiel's Br. at 1. Kisiel attempts to distinguish this matter from prior cases involving the Skier's Responsibility Act, arguing that they involved parties who "did not know each other and did not have any agreement between them that the one will follow the other." *Id.* at 2. He argues that "the risk to be hit from the back by an unknown skier is much greater than to be hit by an acquaintance skier who just told you that he will follow you." *Id.* at 3.

Kisiel's attempt to distinguish **Bell** is unconvincing.  As we stated in

**Bell**:

> [O]ur Supreme Court has specifically accounted for the exact risk of harm [the appellant]'s claim arises from and categorized this risk – the risk of colliding with another skier or snowboarder – as a risk of downhill skiing that is common, frequent, expected and, therefore, inherent to the sport of downhill skiing.

5 A.3d at 273.  Thus, by engaging in downhill skiing, Kisiel has, by law, assumed the risk of collision, and Wiszynski owed no duty to protect Kisiel. **Id.**  Neither the legislature nor our jurisprudence recognizes a distinction where the parties know each other or have an agreement regarding their skiing.  Therefore, because there were no genuine issues of material fact and Wiszynski was entitled to judgment as a matter of law, the trial court properly granted Wiszynski's motion for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2017

- 6 -