J-A13008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| U.S. BANK NATIONAL | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| ASSOCIATION, AS TRUSTEE FOR | : | PENNSYLVANIA |
| CREDIT SUISSE FIRST BOSTON | : | |
| MORTGAGE SECURITIES CORP., | : | |
| HOME EQUITY ASSET TRUST 2006- | : | |
| 1, HOME EQUITY PASS-THROUGH | : | |
| CERTIFICATES, SERIES 2006-1 | : | |
| | : | |
| | : | |
| | : | No. 1102 WDA 2017 |
| v. | : | |
| | : | |
| | : | |
| JILL MCAFEE A/K/A JILL MCAFEE | : | |
| AND JOHN MCAFEE | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered June 26, 2017
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  G.D. No. 16-006717

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                          **FILED AUGUST 2, 2018**

Appellants, Jill McAfee and John McAfee, appeal from the June 26, 2017 Order granting U.S. Bank National Association's Motion for Summary Judgment in this quiet title action.  After careful review, we reverse.

The facts and procedural history are as follows.  On July 28, 2005, Appellants purchased the property underlying this dispute as tenants by the entirety.  Mrs. McAfee executed a mortgage to secure a loan to purchase the property.  Mr. McAfee did not execute the mortgage.

U.S. Bank became the owner of the mortgage on November 30, 2012. At some point after acquiring the mortgage, U.S. Bank became aware that Mr. McAfee did not execute the mortgage.

On April 19, 2016, U.S. Bank filed a Complaint to obtain a judgment in quiet title establishing that the mortgage signed only by Mrs. McAfee encumbered the entire property, including Mr. McAfee's interest. Complaint, 4/19/16, at ¶ 34. U.S. Bank alleged in the Complaint that Mr. McAfee's failure to execute the mortgage was the result of mutual mistake or inadvertent error and has resulted in doubt and uncertainty regarding the scope of the mortgage. *See id.* at ¶¶ 31-32. In the alternative, U.S. Bank sought a declaratory judgment to this effect or reformation of the mortgage to add Mr. McAfee as a borrower as of the recording date. *See id* at ¶¶ 39, 49.

On June 24, 2016, Appellants filed an Answer and New Matter to U.S. Bank's Complaint. In their Answer, Appellants denied that Mr. McAfee's omission from the mortgage was inadvertent. Answer, 6/24/16, at ¶¶ 9, 17, 25, 31, 33, 42, 44, 45, 48, 49. Rather, Appellants asserted that the lender intentionally did not include him as a borrower. *Id.* at ¶¶ 9, 17, 25, 31, 33, 42, 45, 48, 49. Appellants explained that the original lender would only loan funds to Mrs. McAfee because Mr. McAfee had financial issues. *Id.* at ¶ 6. Appellants also expressly denied U.S. Bank's averment that, by signing the HUD-1 Statement, Mrs. McAfee acknowledged the lender's expectation that it would receive a valid mortgage lien against the entire property. *Id.* at ¶¶ 14, 37.

U.S. Bank replied to Appellants' New Matter and, after conducting discovery, filed a Motion for Summary Judgment.

In its Motion for Summary Judgment, U.S. Bank maintained that: (1) Appellants had failed to deny any of the material facts averred in the Compaint; and (2) that Appellants had admitted that they both own the property and that they had intended only for Mrs. McAfee to be a borrower on the mortgage. Motion, 12/8/16, at 8. Simply, U.S. Bank claimed that there were no material facts in dispute and it was entitled to judgment as a matter of law.

Appellants filed a Response to the Motion in which they argued that summary judgment was improper because there were questions of fact as to whether the parties made a mutual mistake when closing on the mortgage, as alleged by U.S. Bank. Specifically, Appellants denied the existence of a mutual mistake, explaining that the parties had purposefully omitted Mr. McAfee from the mortgage because the original lender would only grant a mortgage to Mrs. McAfee and specifically had denied Mr. McAfee's request for a mortgage.

Following a hearing, the trial court granted U.S. Bank's Motion for Summary Judgment on June 26, 2017. In so doing, the court "declared a lien of first priority against the entire [p]roperty, including John McAfee's ownership interest[ ] as of the date it was recorded on August 2, 2005." Trial Ct. Order, 6/26/17, at 2.

This timely appeal followed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following two issues:

1. Whether the lower court erred when it failed to properly apply the standard applicable to summary judgment motions under Pa.R.C.P. [No.] 1035.2(1)[?][1]

2. Whether the lower court erred when it made credibility determinations based solely on the refuted allegations contained in [U.S. Bank's C]omplaint[?]

Appellants' Brief at 5.[2]

Appellants claim the trial court erred when it found that there were no genuine issues of material fact as to the alleged "mutual mistake" of the parties. *Id.* at 9. They highlight their position that the original lender intentionally omitted Mr. McAfee from the mortgage "so that his poor credit rating would not impede the granting of the loan" to Mrs. McAfee. *Id.* at 11. Simply, they argue that U.S. Bank pleaded that Mr. McAfee's omission from the mortgage was a product of mutual mistake—a position Appellants repeatedly denied. *Id.* Therefore, Appellants aver that there are genuine

_____

[1] Pa.R.C.P. No. 1035.2(1) provides that a party may move for summary judgment as a matter of law "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" *Id.*

[2] We note that the argument section of Appellants' Brief does not include a sub-section in which they argue the merits of this issue. Thus, for appellate review purposes, Appellants have abandoned their second issue. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (concluding that the failure to properly include a developed argument in an appellate brief constitutes waiver).

questions as to the existence of the alleged "mistake" that precluded summary judgment in U.S. Bank's favor. *Id.* at 10.

"[A]n appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." ***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010). However, "the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.*" ***Id.***; ***see*** Pa.R.C.P. No. 1035.2. In assessing whether a genuine issue as to any material fact exists, we "view the record in the light most favorable to the non-moving party" and resolve all doubts in its favor. ***Mull v. Ickes***, 994 A.2d 1137, 1139 (Pa. Super. 2010).

Here, the trial court granted summary judgment in favor of U.S. Bank because it found that Appellants "failed to deny any of the material facts averred, they both used the [m]ortgage proceeds to purchase the [p]roperty[,] and they intended for only Jill McAfee to be a borrower of the [m]ortgage." Trial Ct. Op., 10/17/17, at 2. The trial court acknowledged that Appellants' "sole defense is that they never intended for John McAfee to be an intended borrower of the [m]ortgage." ***Id.*** at 2-3. However, the court concluded that, because Appellants admitted that they used the proceeds of the mortgage to purchase the entire property, the mortgage "must" encumber the entire property."[3] ***Id.*** at 3. We disagree.

_____

[3] We note that the trial court did not support this conclusion of law by citing to any authority.

First, we disagree with the trial court's finding that Appellants "failed to deny any of the material facts averred[.]" Our review of the pleadings indicates that Appellants repeatedly denied that Mr. McAfee's omission from the mortgage was the product of mutual mistake. Instead, Appellants explained that Mr. McAfee's omission was intentional because Mr. McAfee had a poor credit rating and the original lender would only extend a loan to Mrs. McAfee. *See* Answer at ¶ 6; Appellants' Brief at 11.

Further, we note the trial court's acknowledgment that Appellants have steadfastly maintained that Mr. McAfee's omission from the mortgage was purposeful and not the result of mutual mistake. *See* Trial Ct. Op. at 2-3. Our review of the record has not revealed any evidence undermining that claim. Thus, a genuine issue of material fact exists on this issue.

Following our review of the record in the light most favorable to Appellants, we conclude that the trial court erred as a matter of law in entering summary judgment in favor of U.S. Bank.

Order reversed. Jurisdiction relinquished.

Judge Musmanno joins the memorandum.

Judge Olson files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2018