J-A16021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAROL FRIE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FAIRLANE VILLAGE MALL AND HUDSON ASSOCIATES, LLC | |
| Appellee | No. 1508 MDA 2019 |

Appeal from the Order Entered August 16, 2019
In the Court of Common Pleas of Schuylkill County
Civil Division at No: S-1696-16

BEFORE: PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 09, 2020**

Appellant, Carol Frie, appeals from an order granting summary judgment to Appellee, Fairlane Village Mall and Hudson Associates, LLC, in this personal injury action. Appellant tripped and fell while visiting Appellee's premises, a shopping mall. The trial court entered summary judgment against Appellant by concluding that she "failed to introduce any evidence as to what caused her to fall." Pa.R.A.P. 1925 Opinion, 12/2/19, at 4. We disagree. Viewed in the light most favorable to Appellant, the evidence indicates that an uneven sidewalk was the cause of Appellant's fall. Accordingly, we vacate the order granting summary judgment to Appellee and remand for further proceedings.

**The accident.** The record reflects that Appellee is the owner of a shopping mall in Pottsville, Pennsylvania. On October 7, 2014, Appellant

tripped and fell on Appellee's property in the course of her activities as a business invitee. Prior to the accident, Appellant parked her car and walked toward the mall. Deposition of Appellant ("Frie dep.") at 21. She stepped onto a sidewalk near the south entrance of the mall, intending to visit Brothers Buffet inside the mall. *Id.* The sun was out and there were no adverse weather conditions. *Id.* at 22.

Appellant fell forward on the sidewalk while looking straight ahead (not at the ground). *Id.* at 22-24. She did not recall which leg she was stepping with when she fell. *Id.* at 23. In her responses to Appellee's interrogatories, she stated that she tripped and fell due to "unkempt property" on Appellee's premises. Appellant's Response to Interrogatories, # 18.

During her deposition, Appellant testified:

Q. Did you look to see what if anything caused you to fall?

A. Yes, I looked around.

Q. And what if anything did you see?

A. Just the pavement.

Q. And when you fell do you recall whether . . . the foot you were walking with came into contact with something?

A. No.

Q. You don't remember?

A. No.

Frie dep. at 25.

**Photographs of the accident scene.** After falling, Appellant reported the incident to Jessica Miller, an employee in the mall's management office. *Id.* at 30-31. Appellant and Miller walked to the location where Appellant fell, and Miller took photographs of the scene. *Id.* at 31. With regard to the photographs, Appellant testified:

> Q: Looking at these . . . three pages of photographs, does this look like the area where you fell?
>
> A: If the pictures are here, I guess . . . .
>
> Q: Ms. Miller attached these photographs to the incident report, do you believe this is the area where you fell if she attached the photos?
>
> A: Yes.
>
> Q: And you can see the date on those photos correct?
>
> A. Yes.
>
> Q: And the date indicates 10/7 of 2014, correct?
>
> A: Yes.
>
> Q: And that's the date of your fall, correct?
>
> A: Yes.

*Id.* at 33, 34.

When Miller was asked how she made the decision to photograph this area, Miller testified that Appellant "pointed in the area." Deposition of Jessica Miller ("Miller dep.") at 49. Miller noticed that the sidewalk had a "little lip," and she "decided . . . to show how much of a lip there was." *Id.* Miller took

a close-up photograph of the lip and two other photographs at "more of a distance so you can kind of see where [Appellant] was claiming she fell." *Id.*

**Incident report.** After taking the photographs, Miller filled out an incident report in which she wrote that Appellant "tripped over the uneven sidewalk." Incident Report, 10/7/14, at 2. The incident report asked for the "exact location" of the incident with "landmarks." Incident Report at 1. Miller testified that she filled out this section of the incident report "after [Appellant] had taken me out there to show me." Miller dep. at 36. Miller wrote that Appellant "tripped over the uneven sidewalk and fell . . ." *Id.* at 41. Miller testified that the words "uneven sidewalk" were her own words, not Appellant's. *Id.* at 38. When asked how she made that observation, she testified:

A. [Appellant] told me where she tripped. She showed me where she tripped, so I said that she tripped over the uneven sidewalk that was there where she showed me.

Q. Okay. And that was based upon what you were seeing in conjunction with what she was saying?

A. Yes.

*Id.* at 41-42.

When Miller was asked whether Appellant "specifically indicate[d] that she tripped on the differential in the sidewalk," Miller answered, "No, she just pointed in the general area of where she fell." *Id.* at 63. Miller testified:

Q. So did you assume that [the lip of the sidewalk was] what caused her to fall?

A. I assumed that, yes.

Q. But didn't she tell you that?

A. No.

*Id.* at 64.

Significantly, during Appellant's deposition, Appellant reviewed Miller's summary and was asked whether she disagreed with anything in the summary. Frie dep. at 39-40. Appellant answered, "No." *Id.* at 40.

**Trial court's decision.** The trial court concluded that Appellant

failed to introduce any evidence as to what caused her to fall. She did not identify the 'little lip' identified by Miller as the assumed location where [she] tripped. She simply stated that she was walking along, and she fell. [Appellant's] testimony failed to identify what caused her to fall. In order to establish liability in an action of this nature, it is necessary for the plaintiff to prove what actually caused the accident, not what might possibly have caused it . . . Here, [Appellant] was the only eyewitness presented. [Appellant] may very well have tripped on the little lip, but she may also have tripped on a properly maintained section of the sidewalk. For this reason, we granted summary judgment to [Appellee].

Trial Court Opinion, 12/2/19, at 4-5 (citations omitted).

On August 16, 2019, the trial court entered summary judgment in favor of Appellee. On September 13, 2019, Appellant filed a timely appeal to this Court. The trial court filed a Pa.R.A.P. 1925 opinion and then permitted

Appellant to file a Pa.R.A.P. 1925(b) statement *nunc pro tunc*.[1]  Accordingly,

we will address the issues raised in this appeal.

Appellant raises the following issues in this appeal:

[1.] Whether the trial court erred in granting summary judgment as to all defendants striking [Appellant's] complaint with prejudice?

[2.] Whether the trial court erred in granting summary judgment where the facts viewed most favorably to [Appellant] demonstrate sufficient evidence exists regarding the alleged defect?

[3.] Whether the trial court erred in granting summary judgment where there are genuine issues of material facts such that a jury determination is required?

_____

[1] On September 12, 2019, upon receiving a courtesy copy of Appellant's notice of appeal, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant failed to do so.  On December 3, 2019, the trial court filed a Pa.R.A.P. 1925 opinion that mentioned Appellant's failure to file a Pa.R.A.P. 1925(b) statement but also explained why it found the substance of Appellee's summary judgment motion meritorious.

On December 11, 2019, Appellant filed an application in this Court requesting remand of this case to the trial court for the filing of a *nunc pro tunc* Pa.R.A.P. 1925(b) statement.  The application included, as an exhibit, a Pa.R.A.P. 1925(b) statement that Appellant proposed to file in the trial court.  On December 27, 2019, we ordered the record remanded to the trial court in order for that court to rule on the merits of Appellant's application.  On January 2, 2020, the trial court granted Appellant's application and directed her to file the proposed Pa.R.A.P. 1925(b) statement within the next ten days.  In the same order, the court directed the prothonotary to return the record to this Court after Appellant filed her Pa.R.A.P. 1925(b) statement, because the court "reviewed the proposed [Pa.R.A.P. 1925(b)] statement and . . . adopt[ed] our earlier 1925 opinion filed December 2, 2019 without change."  Order, 1/2/20. Appellant complied with the court's order by filing a Pa.R.A.P. 1925(b) statement on January 10, 2020.

Appellant's Brief at 6. We need only address the third issue, whether a genuine issue of material fact exists that precludes summary judgment.

An order granting summary judgment

> may be disturbed by an appellate court only if the court committed an error of law; thus, our standard of review is *de novo*, and our scope of review is plenary. The entry of summary judgment is proper whenever no genuine issue of any material fact exists as to a necessary element of the cause of action. The moving party's right to summary judgment must be clear and free from doubt. We examine the record, which consists of all pleadings, as well as any depositions, answers to interrogatories, admissions, affidavits, and expert reports, in a light most favorable to the non-moving party, and we resolve all doubts as to the existence of a genuine issue of material fact against the moving party.

*LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009) (citations omitted).

Property owners have a duty to keep their sidewalks in a reasonably safe condition for travel by the public. *Mull v. Ickes*, 994 A.2d 1137, 1140 (Pa. Super. 2010). Property owners must maintain their sidewalks so that they do not present an unreasonable risk of harm to pedestrians. *Id.* Courts determine whether a property owner has complied with this duty on a case-by-case basis by looking at all of the surrounding circumstances. *Id.* To establish liability, an individual who falls on a sidewalk "must prove what *actually* caused the accident, not what *might* possibly have caused it." *DuBois v. City of Wilkes-Barre*, 189 A.2d 166, 167 (Pa. 1963) (emphasis in original) (trial court properly entered nonsuit when plaintiff's testimony failed to establish what caused her to fall).

Citing **DuBois**, the trial court entered summary judgment against Appellant by determining that she could not identify the cause of her accident. The court reached its decision by focusing on several pieces of evidence favorable to Appellee, such as Appellant's testimony that she did not remember whether her foot came into contact with anything, Frie dep. at 25, and Miller's testimony that Appellant did not tell her that the lip of the sidewalk caused her fall, Miller dep.at 64. In our view, the trial court failed to apply the proper standard of review by neglecting to construe the record in the light most favorable to Appellant, the non-moving party. Viewed in this light, the record indicates that there **is** an identifiable cause of the accident—the lip of the sidewalk. Five items of evidence point to this conclusion: (1) Appellant's answer to interrogatories that "unkempt property" caused the accident; (2) Miller's testimony that Appellant "showed me where she tripped"; (3) Miller's incident report, which stated that Appellant "tripped over the uneven sidewalk" and included a photograph of the sidewalk lip; (4) Appellant's testimony that Miller's photographs showed the area where she fell; and (5) perhaps most importantly, Appellant's testimony that she did not disagree with Miller's summary of the accident in the incident report.

Summary judgment is unavailable because these items of evidence create a genuine issue of material fact as to the cause of Appellant's accident. A factfinder must resolve whether to accept Appellant's position that the lip of the sidewalk caused her fall or to accept Appellee's position that Appellant

cannot identify the cause of the accident. Accordingly, we vacate the order granting summary judgment and remand for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/09/2020